THE UNION PACIFIC RAILWAY COMPANY v. A. J. PILLSBURY.

1. SUMMONS—*Service upon a Railroad Corporation.* Service upon a railroad corporation must be made upon one of the officers, or in the manner named in §§ 68a, b, and c, ch. 80, §§ 3591, 3592, 3593 and 3594, Comp. Laws 1879; § 13, ch. 81, § 4285, Comp. Laws 1879; and a return upon a summons that it was served upon M., an agent of the defendant, is of itself no sufficient evidence of service.

2. —————— Allegations of value, or of the amount of damage, are not admitted by a failure to controvert them; and this is true whether the action is brought in the district court or before a justice of the peace.

*Error from Riley District Court.*

NOVEMBER 3, 1882, before H. W. Stackpole, a justice of the peace in and for the city of Manhattan, *Pillsbury* recovered a judgment for $133.85 and costs against the defendant *Railway Company.* Thereafter the defendant filed its petition in error in the district court. December 20, 1882, the court affirmed the judgment. The defendant brings the case here. The facts appear in the opinion.

*J. P. Usher,* and *Chas. Monroe,* for plaintiff in error.

*Geo. C. Wilder,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The defendant in error obtained judgment before a justice of the peace against plaintiff in error, upon a bill of particulars alleging default in a breach of a contract to convey certain goods. Two errors are alleged: first, that the record shows no service; and second, that judgment was rendered upon default without any proof of value or damages. Both points we think are well taken. The return on the summons shows that it was served by delivering a copy thereof " to D. W. March, agent of said U. P. R. R. Co., Manhattan, Kansas." Where this was served, or what kind of an agent of said defendant said D. W. March was, is not shown. Such

service is insufficient. It does not show that said March was president or chairman of the board of directors, or other chief officer, cashier, treasurer, secretary, clerk, or managing agent, and is therefore not good either under § 68, ch. 80, Comp. Laws 1879, or § 13, ch. 81, Comp. Laws 1879. Neither does it show service upon any person named as the service-agent of a railroad corporation under §§ 68*a*, *b* and *c*, ch. 80, Comp. Laws 1879, or upon any person authorized to receive service in case of a failure by a corporation to name such service-agent, or at a place designated in such sections. For aught that appears, said March may have been an agent to purchase coal, or to transact any temporary business on behalf of the company, with no office or residence in the county. The sections above referred to provide ample and easy means for service upon a railroad corporation; and before it can be adjudged in default, and subjected to a judgment upon default, the record must affirmatively show that, in some of the ways named in the statute, service has been made upon it. None such appears here, and therefore judgment was improperly rendered against it.

Again, the record shows that upon the default judgment was rendered against the corporation without any testimony. Obviously this was improper. Allegations of value or amount of damages are not admitted by failure to controvert them. Even upon default they must be proved. (Comp. Laws 1879, ch. 80, § 128.) No evidence was introduced of value or damage; hence judgment was improperly. rendered upon the supposed default. For these reasons there was error in the judgment as it comes to this court, and the case must be remanded to the district court with instructions to set aside the judgment of the justice of the peace, and retain the case for further proceedings.

All the Justices concurring.