LUTHER DICKERSON v. THE BURLINGTON & MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA.

SUMMONS — *Insufficient Evidence of Service.* A return upon a summons against a railroad company that it was "served by delivering a copy thereof, with the indorsements thereon duly certified, to Mr. Fish, agent of the within railroad company," is of itself no sufficient evidence of service, as it contains no description or hint of the character of his agency. (*U. P. Rly. Co. v. Pillsbury,* 29 Kas. 652, cited, and followed.)

*Error from Atchison District Court.*

JUDGMENT for defendant *Railroad Company*, at the September term, 1887. The plaintiff *Dickerson* brings the case here. The material facts appear in the opinion.

*S. H. Glenn,* for plaintiff in error.

*W. W. & W. F. Guthrie,* for defendant in error.

Opinion by SIMPSON, C.: This action was originally commenced by Dickerson against the Burlington & Missouri River Railroad Company in Nebraska, to recover damages for killing stock on its line through the plaintiff's farm in Atchison county. It was commenced before a justice of the peace in the city of Atchison. A summons was issued and returned. The service as shown by the return is as follows: "Received this writ July 20, 1887; July 20, 1887, served the same by delivering a copy thereof, with the indorsements thereon duly certified, to Mr. Fish, agent of the within railroad company." The company appeared by its attorney only for the purposes of the motion, and moved to set aside and quash the summons for the reason, among others, that the return of said summons is informal, defective, and insufficient in law. This motion was overruled, the case tried, and a judgment rendered in favor of Dickerson. The case was then taken on error to the district court, and the judgment of the justice reversed, for the reason, among others, that there was no legal service of

summons. From this judgment of reversal by the district court, Dickerson brings the case here.

I. The important question is, was there a legal service of the summons? We regard the case of *U. P. Rly. Co. v. Pillsbury*, 29 Kas. 652, as conclusive on this question. The court says:

"The return on the summons shows that it was delivered 'to D. W. March, agent of the U. P. Rly. Co., Manhattan, Kansas.' Where this was served, or what kind of an agent of said defendant D. W. March was, is not shown. Such service is insufficient. It does not show that said March was president, or chairman of the board of directors, or other chief officer, cashier, secretary, treasurer, clerk, or managing agent, and is therefore not good either under § 68, ch. 80, Comp. Laws of 1879, or § 13, ch. 81, Comp. Laws of 1879. Neither does it show service upon any person named as the service agent of a railroad corporation under §§ 68*a*, 68*b*, and 68*c*, ch. 80, Comp. Laws of 1879, or upon any person authorized to receive service in case of a failure of a corporation to name such service agent, or at a place designated in such sections. For aught that appears, said March may have been an agent to purchase coal, or transact any temporary business on behalf of the company, with no office or residence in the county. The sections above referred to provide ample and easy means for service upon a railroad corporation. . . . The record must affirmatively show that in some of the ways named in the statute service has been made."

We can add nothing to the force of this decision. It controls this case. Here the return shows service upon Mr. Fish, agent, without any description or hint of the character of his agency.

II. It is claimed that because the attorneys of the railroad company subsequently took part at the trial of the case, that they made a general appearance and cured all defects in the service of the summons. They first made a special appearance for the purpose of testing the validity of the service, and their motion to set aside the service and to quash the summons being overruled, they took part at the trial under protest. This was not such an appearance as would give the

justice jurisdiction over the person of the railroad company. (*Bentz v. Eubanks*, 32 Kas. 321.)

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.