F. N. MULLEN v. NORFOLK & CAROLINA CANAL COMPANY.

*Foreign Corporation—Service of Process—Attachment and Publication—Mailing Process—Action for Unliquidated Damages—Practice.*

1. The method of mailing process to the Sheriff of the county and State where a non-resident defendant resides, to be served upon him (as provided by ch. 120, Acts of 1891), is optional and not exclusive of service by publication in cases in which this last is proper.

• 2. An attachment could not be had in an action for unliquidated damages for injury to realty prior to ch. 77, Acts 1893, since the affidavit to procure an attachment must set forth one of the grounds recited in section 347 of *The Code.*

3. Service of process by publication based on an attachment issued in an action for unliquidated damages is invalid, except in cases specified in *The Code,* ¿347, and amendatory act, ch. 77, Acts 1893.

4. Where a defendant appears specially to move to dismiss the action and notes an exception to the refusal of his motion, his subsequent appearance to the merits waives no right to have the refusal of his motion to dismiss reviewed on appeal.

ACTION, tried at Fall Term, 1893, of CAMDEN Superior Court, before *Graves, J.,* and a jury, the purpose of the action being to recover damages for injury to crops growing on plaintiff's farms lying upon the sweat or leakage ditches of the defendant company, because of its failure to keep the ditches in proper condition to carry off the water turned into the same and the consequent flooding of the lands. The defendant is a non-resident corporation, and service was made upon it by attaching its property and by subsequent publication of summons. The defendant appeared specially and moved to dismiss the action before *Hoke, J.,* at Fall Term, 1892, which motion the Court refused, and defendant excepted.

MULLEN *v.* CANAL COMPANY.

The defendant then entered an appearance to the merits and, after trial of the issues before Graves, J., there was an appeal by both parties from various rulings, which it is not necessary to set out, inasmuch as the decision of this Court rests solely on the appeal from the refusal·of the motion to dismiss the action.

*Mr. W. J. Griffin*, for plaintiff.

*Messrs. Battle & Mordecai* and *W. D. Pruden*, for defendant.

CLARK, J.: It was strenuously argued that the defendant could not be brought into court by attachment and publication because the Act of 1891, ch. 120, had provided, as a substitute therefor, service by mailing the summons "to the Sheriff or other process officer of the county and State where the defendant resides." This, it was contended, was at the time this action was begun the exclusive mode of service upon non-residents, unless it had appeared that service could not be had in that mode. We think that mailing process to the Sheriff of the county and State where the non-resident resides, to be served upon him, was optional and not exclusive of service by attachment and publication in cases in which these last can be had. This is shown by the wording of the Act of 1891 that "it will be sufficient to mail a copy of the summons, etc.," in lieu of publication, and by the provision that this shall be "*added after*" (not substituted for) paragraph (5) of section 218 of *The Code.* The Act of 1893, ch. 79, is not corrective of any error or omission in the Act of 1891, but is a legislative construction declaratory of the meaning of the Act of 1891, a construction which it would have borne though the Act of 1893 had not, out of abundant caution, been passed.

But the attachment is invalid because the action is for unliquidated damages for injury to realty and the attachment was levied prior to ch. 77, Acts 1893. *Price v. Cox*, 83 N. C., 261; *Wilson v. Manufacturing Co.*, 88 N. C., 5.

It follows that the attempted service by publication, based on such void attachment, is itself invalid. This point has been so clearly discussed by SHEPHERD, J., in *Winfree v. Bagley,* 102 N. C., 515, that it would be a work of supercrogation to repeat it. The affidavit to procure an attachment must be specific (*Bacon* v. *Johnson,* 110 N. C., 114), and must set forth one of the grounds recited in section 347 of *The Code.* It should be noted that this section differs materially from the statute in force when *Wilson v. Manufacturing Co., supra,* was decided. It may be, and is very probable, that the defendant is a domestic as well as a foreign corporation. But in the affidavit, orders and statement of the case it is stated to be a foreign corporation. Hence the question whether, if it is a domestic corporation and its officers are not to be found in this State, it can be brought into court in the manner provided by chapters 108 and 263, Acts of 1889 (Clark's Code, 2d Ed., p. 133), is a question not now before us. Treated as a foreign corporation, the action being for unliquidated damages for injury to realty prior to the Act of 1893, the optional mode of service by attachment and publication is invalid, as would have been in such case mailing process and its service by the Sheriff of the place of residence. *Long* v. *Insurance Co.,* at this term.

The defendant appeared specially below, and moved to dismiss the action. This being denied, the Judge properly held that an appeal did not lie, and that the defendant should have his exception noted, and proceed. This has already been held in this same case, 112 N. C., 109. The subsequent appearance of the defendant to the merits, after exception entered to the refusal of the motion to dismiss, waives none of its rights. On appeal the exception comes up for review. *Luttrell* v. *Martin,* 112 N. C., 593. As the action must be dismissed this disposes of both appeals.

Action Dismissed.