[No. 1637. Decided January 25, 1895.]

WILLIAM WOODBURY, *Respondent,* v. HENRY HENNING-
SEN, *Appellant.*

JUSTICE OF THE PEACE — WANT OF JURISDICTION — CERTIORARI — SPECIAL
APPEARANCE — WAIVER.

Where jurisdiction of the person of defendant had not been
acquired by a justice of the peace, the fact that, after a special
appearance by defendant to object to the jurisdiction, which was
overruled, the defendant submitted to a trial, will not constitute a
waiver of the want of jurisdiction.

Under Code Proc., §§ 22, 27, a justice of the peace does not acquire
jurisdiction of the subject matter of an action, when the complaint
fails to allege that the property in controversy is within the same
county as the justice court.

Under Code Proc., §§ 1621, 1630, *et seq.*, certiorari and appeal from
a justice's court are concurrent remedies, either of which may be
resorted to by any person who conceives himself injured by error in
any process, proceeding or judgment of a justice of the peace.

*Appeal from Superior Court, Spokane County.*

*Plummer & Thayer,* for appellant:

The point raised by special appearance, that no
jurisdiction of the person has been obtained, is not
waived by going to trial. *Chesapeake, etc., R. R. Co. v.
Heath,* 9 S. W. 832; *Harkness v. Hyde,* 98 U. S. 476;
*Kent v. West,* 50 Cal. 185.

*Richardson & Gallagher,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action of replevin, in a
justice's court of Spokane county. The action was at-
tempted to be commenced by the service of notice and
complaint, as provided in §§ 1454 and 1455 of the
Code of Civil Procedure. The notice and complaint

were served upon the defendant by delivering a copy of said notice and complaint to a child under the age of twelve years; and the return of service on file shows that a copy of said notice was delivered to defendant's daughter, a girl of the age of eleven years.

Upon the cause being called for trial, defendant moved the court to quash the return of service of the notice and complaint, for the reason that no notice of summons authorized by law had, ever been served upon the defendant, said motion specifying that the appearance was for the purposes set forth therein, and for no other purpose whatsoever. The motion was overruled, and the defendant excepted to the ruling.

The complaint did not state whether or not the property mentioned was then, or ever had been, in the county of Spokane. The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and upon the further ground that the justice had no jurisdiction of the subject matter of the action. The justice overruled said demurrer, to which ruling the defendant excepted. No evidence was introduced as to this point.

Upon the hearing of the case, judgment was rendered against the defendant in favor of the plaintiff for $15.00 and for $35.70 costs. A writ of certiorari was sued out to the superior court, which resulted in the dismissal of the writ, from which order an appeal was taken to this court.

It is conceded by respondent that the service in the case was not sufficient to confer jurisdiction of the person on the justice, but the contention is that the appellant waived that defect, submitted to, and conferred jurisdiction of the person on the justice by con-

tinuing in the case, excepting to the rulings of the justice thereafter, appearing generally and answering, and going to trial after his objection by way of special appearance was overruled by the justice.

The authorities upon this question are not uniform, some courts holding that it is incumbent upon the party claiming a want of jurisdiction to stand upon his special motion, while others hold to the doctrine that when the special motion is made and overruled, no waiver will be imputed by proceeding to try the case upon its merits. We think the latter position is the better one, and therefore hold that the justice's court did not obtain jurisdiction by the general appearance entered by the defendant, after his motion had been overruled.

In support of the contention that the court did not have jurisdiction of the subject matter, we cite §§ 22 and 27 of the Code of Procedure.

This leaves but one other question in the case, viz., will a writ of certiorari lie from the justice's court in a case of this kind? The general doctrine of the common law was that a writ of certiorari will lie where a court is acting without jurisdiction; and under our statute it seems plain that the writ of certiorari lies from a justice's court. Sec. 1621. Code Proc., provides:

"If any person shall conceive himself injured by error in any process, proceeding, judgment or order given by any justice of the peace within this state, it shall be lawful for such person to remove such process, proceeding, judgment or order to the superior court, as hereinafter provided."

And subsequent sections provide for the suing out and issuance of the writ of certiorari. In fact these provisions are under a chapter entitled, "Of certiorari,

and proceedings thereon." Now, in ch. 15, entitled, "Of appeals from justices' courts," § 1630 provides:

"Any person considering himself aggrieved by any judgment or decision of a justice of the peace in a civil action or proceeding may, in person or by his agent, appeal therefrom to the superior court," etc.

And subsequent sections provide the manner in which the appeal shall be taken. It seems plain, therefore, that these remedies are intended by statute to be concurrent remedies, and that so far as the statutory right of certiorari is concerned all the requirement is that the person shall conceive himself injured by error in any process, proceeding or judgment, etc.

Finding, then, that the court in this case had neither jurisdiction of the person nor the subject matter of the suit, and that such want of jurisdiction was not waived by the subsequent answer of the appellant; and further finding that the writ of certiorari was available to the appellant under the statute, the judgment of the lower court will be reversed, and the cause remanded with instructions to proceed in accordance with this opinion.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.