MATHIAS, Respondent, *v.* THE WHITE SULPHUR SPRINGS ASSOCIATION, Appellant.

[Submitted February 17, 1896.  Decided February 24, 1896.]

CORPORATION—*Summons—Return.*—In an action against a corporation a return upon the summons that the officer personally served the same upon one C. "a trustee, being the defendant named in said summons," is fatally defective in failing to show a service upon the corporation.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION against corporation.  Plaintiff took judgment by default.  Defendant's motion to vacate the judgment was denied by BLAKE, J.  Reversed.

Statement of the case by the Justice delivering the opinion.

Judgment by default in this case was entered in favor of plaintiff.  No appearance was made by the defendant, but after default and judgment the defendant appeared specially, and only for the purpose of moving to set aside the default and judgment.  The motion was based upon the summons, and return of the sheriff.  No objection was made to the summons itself, but defendant claimed that it was not served as the law directs.  The defendant is a corporation organized under the laws of this state.

The return of the sheriff was as follows:

"State of Montana, County of Lewis and Clarke.  Office of the Sheriff.

"I hereby certify that I received the within summons on the 7th day of Jan., A. D. 1895, and personally served the same

on the 7th day of January, A. D., 1895, upon T. E. Collins, a trustee, being the defendant named in said summons, by delivering to said T. E. Collins, trustee, personally, for said defendant, in the said county of Lewis and Clarke, a copy of said summons, having been unable to find any other officer of said company or corporation within this county.

"J. Henry Jurgens, Sheriff, by C. H. Martien, Deputy Sheriff.

"Dated Helena, Montana, January 7th, 1895.

"[Indorsed]. Filed Jan. 7th, 1895. John Bean, Clerk."

The court having denied the motion to set aside the default and judgment, the defendant appeals.

*McConnell, Clayberg & Gunn,* for Appellant.

*F. N. McIntire,* for Respondent.

DE WITT, J.—There has been a contention between counsel as to whether service of the summons in this case should have been made under the provisions of section 72 or section 75, Code of Civil Proc., 1887. (*Congdon* v. *Butte Con. Ry. Co.,* *ante* 481.) It was also contended that, if service were made under section 75, that section did not authorize service to be made upon a trustee. But these questions may be passed, for the reason that we are of opinion that the return is wholly insufficient.

Our statutes for the service of summons upon a corporation are extremely liberal. Service may very readily be obtained upon any corporation. With this liberality in the statute, certainly a fair compliance with the terms of the statute should be required. In this case the sheriff returns that he served the summons upon T. E. Collins, a trustee. The return does not state of what corporation Collins was a trustee. The return further states that Collins was the defendant named in the summons. This is not true. The corporation was the defendant.

In *Blodgett* v. *Schaffer,* 94 Mo. 652, 7 S. W. 436, the action was against the Union National Bank of St. Louis. The

sheriff returned that he had made service by delivering a copy of the writ to "T. H. Larkin, the within-named defendant." Held, that service was not made upon the bank.

In *Chicago Planing Mill Co.* v. *Merchants' National Bank*, 86 Ill. 587, the sheriff made return upon the writ that he had "served the writ by reading and delivering a copy thereof to William H. Jenkins, by direction, as secretary." Held to be bad, in that it was not shown that the person served was secretary of the company.

In *Railway Co.* v. *Pillsbury*, 29 Kan. 652, the return of the summons showed that it was served by delivering a copy thereof to "D. W. March, agent of said U. P. R. R. Co., Manhattan, Kansas." The return was held to be bad. Brewer, J., says : "Where this was served, or what kind of an agent of said defendant said D. W. March was, is not shown." This case was approved and followed in *Dickerson* v. *Railroad Co.*, 43 Kan. 702, 23 Pac. 936.

These authorities uphold the view that the return upon this summons was insufficient. We concur in the views expressed in these cases, and are of opinion that the return of the sheriff in the case at bar was wholly insufficient to show service upon the corporation.

The judgment of the district court, and the order refusing to set aside the default and judgment, are therefore reversed, and the case is remanded, with directions to set aside the default and judgment and give the defendant leave to demur or answer.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.