THE CHICAGO BUILDING AND MANUFACTURING COMPANY V.
J. PEWTHERS.

(Filed Feb. 8, 1901.)

1. CHANGE OF VENUE—*Justice's Court.* A change of venue will not lie from a justice of the peace to a probate court or from a probate court to a justice of the peace in a civil action, even though the amount involved is within the jurisdiction of a justice of the peace.

2. JURISDICTION—*Special Appearance Not Waived by a General Appearance, When.* Where a court has no jurisdiction over the particular cause or of the person of the defendant, and the defendant appears specially for the purpose of calling the attention of the court to such irregularities, and the court thereupon overrules his motion to such jurisdiction, he may save his exception, file his answer and proceed to trial without waiving such error; and he may take advantage of such error on appeal to a higher court.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, District Judge.*

*Uhl & Miller,* for plaintiff in error.

*Robert A. Lowry,* for defendant in error.

Opinion of the court by

BURWELL, J.: This action was commenced by the plaintiff in error before George P. Uhl, a justice of the peace in the town of Stillwater, in Payne county. Service of summons was had upon defendant, who appeared generally, and filed an affidavit for change of venue on account of the bias and prejudice of the justice. The application was sustained, and thereupon the case was

transferred to the probate court of Payne county. The defendant appeared before the probate court and filed a motion to dismiss the case, for the reason that the court had no jurisdiction of the cause, and for the further reason that a change of venue would not lie from a justice of the peace to a probate court. The probate court overruled this motion, and, thereupon, defendant saved his exception, answered, and proceeded to trial; but insisted all through that the court had no jurisdiction to try the case. Judgment, however was rendered in favor of the defendant, from which plaintiff appealed to the district court, where, under the law, he was entitled to a trial *de novo*. When the case was called for trial in the district court the defendant again raised the question of the jurisdiction of the probate court to try said cause on a change of venue from a justice of the peace and, thereupon, the district court dismissed the action without prejudice and taxed the costs to the plaintiff. Plaintiff appealed to this court.

The first question which we will consider is: will a change of venue lie from a justice of the peace to a probate court, or from a probate court to a justice of the peace in civil cases, wherein the amount involved is within the jurisdiction of a justice of the peace? We think not.

The only provision of the statutes authorizing a change of venue from a justice of the peace is found in art. 7 of Justice's Civil Procedure, Statutes of 1893. Section 4717:

"If, on the return of process, or at any time before trial shall have been commenced, either party shall file with the justice of the peace before whom any cause is

instituted or is pending for trial, an affidavit, stating: First, That such justice is a material witness," etc., (stating all of the grounds for a change of venue,) "the trial of the case shall be changed to some other-justice of the peace, as provided in the next section."

Section 4718:

"If the place of the trial be changed on account of the bias or prejudice of the justice, or of his being a material witness in the cause, such cause shall be transferred for trial before some other justice of the peace of the same township, if there be one there legally competent to try such cause; if there be no such justice within such township, or if such change be granted on account of the bias or prejudice of the citizens of such township against such party, the case shall be taken to some justice in an adjoining township of the same county."

From these two sections it will be seen that a change of venue can only be had from one justice of the peace to another justice, and not from a justice of the peace to a probate court. But it is insisted by the appellant that a probate judge, when trying causes within the jurisdiction of a justice of the peace, is, under art. 15 of the Statutes of 1893, page 364, (act extending jurisdiction of probate courts,) an *ex-officio* justice of the peace. This contention is incorrect. A probate judge or probate court never acts as an *ex-officio* justice of the peace, but is, at all times a probate judge or a probate court; but, as a probate court, under our law, it has also the "ordinary powers and jurisdiction of justices of the peace." (*Decker v. Cahill*, 61 Pac. 1101, this volume, page 251.)

At common law, a change of venue would only lie to another court of equal jurisdiction, and not to one of a lower or higher jurisdiction, and this is still the rule except where the statute expressly provides differ-

ently. But, notwithstanding the want of power to grant a change of venue to the probate court, the justice made out his transcript and certified the papers over to it, and both parties appeared in that forum. The defendant, however, only entered a special appearance in that court, and moved to dismiss the action because a change of venue would not lie to that tribunal, and contended that the probate court had acquired no jurisdiction of the cause.

It is clear that the probate court could not try the cause by virtue of the change of venue, and when the defendant raised the question of the jurisdiction of that court it was its duty to proceed no further, but to return the papers to the justice from whom they came; not because the probate court did not have jurisdiction of the subject of the action, but because it could not acquire jurisdiction of the particular cause, or of the person of the defendant, in that manner; and, while the motion of the defendant was in form a motion to dismiss, it tarily in the probate court and tried his case there, he should have been treated by the court simply as a motion questioning the jurisdiction of the court. But the motion was overruled, and exception saved. Whereupon, the defendant entered upon the trial; and plaintiff insists that by doing this he waived any error that the court may have made in overruling his motion to the jurisdiction of the court, and that the defendant, by entering upon the trial, voluntarily appeared, and the trial in the probate court amounted to a voluntary appearance and trial in that court, and that the probate court had jurisdiction of both the persons to the action and the subject-matter. With this contention we cannot agree.

It is true that the probate court had jurisdiction of the subject of the action; that is, the matter in controversy was such a cause as could be tried in that court if commenced in the proper manner; but the court did not have jurisdiction over that particular cause or of the person of the defendant. The justice before whom the action was commenced acquired jurisdiction over that particular case, and it was impossible for him or the parties or all of them to transfer that jurisdiction to anyone except another justice, unless an appeal was taken to the district court. Jurisdiction of courts of limited powers is conferred, not by consent of parties, but by express statutory law; and there is no provision of our statutes by which a case can be transferred from a justice of the peace to a probate court.

It may be that, if the defendant had appeared volun- would be bound by the judgment rendered in that or any appellate court, and that the voluntary trial by the parties in that tribunal (which has jurisdiction of the subject of the action) would amount to an original trial commenced therein; but upon this we will not here express any opinion, as that is not this case. There was no voluntary general appearance by the defendant. His appearance was special, and was for a special purpose; and when the court overruled his motion he had a right to do one of two things: he could save his exception and stand upon his motion, and refuse to appear further in the case, or he could answer and go to trial; and his going to trial under such circumstances would not waive any rights under his motion. It is perhaps true that the general rule, followed by most of the states, is that one, by pleading to the merits, or participating in

the trial of a cause, after a motion, under special appearance, to the jurisdiction of the court over the person or of the particular cause, has been overruled, waives such jurisdictional questions, although the motion should have been sustained; but that is not the better rule. Our procedure was taken from Kansas, and the supreme court of that state has held that want of jurisdiction of the person is not waived by pleading to the merits and going to trial, after a motion to quash a summons or service of a summons filed under a special appearance is overruled. (*Betts v. Eubanks* [Kans.] 4 Pac. 269; *Dickerson v. Burlington and M. R. Ry. Co.* [Kans.] 23 Pac. 936;) and the supreme court of the United States, as well as other courts whose opinions are entitled to great weight, have rigidly followed this practice. (*Harkness v. Hyde*, 98 U. S. 476; *So. Pac. Co. v. Denton*, 146 U. S. 202; *Mexican Central Ry. Co. v. Pinkney*, 149 U. S. 194; *Secrest v. Arnett* [Ind.] 5 Black. 366; *Galveston, Harrisburg & San Antonio Ry. Co. v. Gonzales*, 151 U. S. 496; *Mullins v. Norfolk & N. C. Canal Co.* [N. C.] 19 S. E. 106; *Kincaid v. Myers*, [Ore.] 21 Pac. 557; *Woodbury v. Henningsen*, [Wash.] 39 Pac. 243.)

Under these authorities and sound reason we hold that the probate court, by assuming jurisdiction of the case and of the person of the defendant, committed error, and that such error was not waived by the defendant's going to trial upon the merits, and that the defendant was entitled to have the error corrected in this case in the district court.

Viewing this case as we do, it necessarily follows that the probate court ought not to have docketed the same, and that the order of dismissal without prejudice made

by the district court was correct, and should be affirmed at the cost of appellant. It is so ordered, and the district court of Payne county is hereby directed to return all of the papers certified to that court by the probate court of said county, with directions to that court to return the original papers received from the justice's court to said justice.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.