THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, *a corporation*, v. R. J. CLARK.

(Filed September 7, 1906.)

JURISDICTION—Special Appearance not Waived by General Appearance, When. Where a court acquires no jurisdiction over the person of the defendant, by an attempted service of process, and the defendant appears specially for the purpose of challenging the jurisdiction of the court, and the court thereupon overrules his motion to such jurisdiction, the defendant may save his exception, file his answer and proceed to trial without waiving such error; and he may take advantage of such error on appeal to a higher court. Following Chicago Bldg. & Mfg. v. Pewthers 10 Okla. 724.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before Wm. P. Harper, Trial Judge*

*Flynn & Ames,* for plaintiff in error.

*Mosier, Dudley & McMahan, Clifton J. Pratt* and *Leigh Clark,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This action was commenced in the probate court of Oklahoma county in September, 1904, by the defendant in error against the plaintiff in error for the recovery of the sum of $150.30.

Summons was issued on the 7th day of September, 1904, and was returned by the sheriff with the following endorsement of service thereon:

"Territory of Oklahoma,
"Oklahoma County, ss.
"I hereby certify that on the 7th day of September, 1904, I personally served the within summons on the within named defendants by delivering to each of them personally a true copy of the same, with all endorsements thereon, to L. T. Pool, as local agent for the St. Louis and San Francisco R. R. Co.

"Dated this 7th day of September, 1904.
"M. A. O'BRIEN,
"Sheriff.
"W. C. SADDLER,
"Deputy Sheriff."

The railroad company made a special appearance and moved the court to quash and set aside the summons, which motion, omitting the title of the cause, is in the words and figures following, to wit:

"SPECIAL APPEARANCE AND MOTION.

"Comes now said defendant, St. Louis and San Francisco Railroad Company, a corporation, appearing specially and for the purpose of this motion only, and moves the court to quash and hold for naught the summons and pretended service thereof in said cause, for the reason that same was not issued, served and returned according to law.

"FLYNN AND AMES,
"Attorneys for Defendant."

This motion was by the court overruled and denied to which ruling defendant excepted.

The amended petition set out three causes of action alleging in the first the non-delivery by the railroad company of a car of coal containing 50,000 pounds of coal, valued at $56.35 * * *, and in the second count alleging the non-delivery by the railroad company of a car load of coal valued at $60.00 and in the third count, alleging the loss by the railroad company of 10,230 pounds of coal of the value of $16.65.

To this amended petition the defendant railroad company, after the overruling of its motion, answered by a general denial.

Upon the issues thus made up the cause came on for trial on June 9th, 1905, before a jury, and at the conclusion thereof the jury returned a verdict in favor of the plaintiff (defendant in error) for the full amount prayed for, to wit: $150.30.

From this judgment and the order of the court overruling the motion of the railroad company for a new trial the cause comes to this court on appeal by case made.

The first error of the court below complained of by the plaintiff in error is that the motion to quash the summons and service on the railroad company was improperly overruled.

There is no escaping the correctness of this contention.

In the case of *The Chicago Building & Manufacturing Company v. J. Pewthers,* 10 Okla. 724, it is held that:

"Where a court has no jurisdiction over *** the person of the defendant, and the defendant appears specially for the purpose of challenging the attention of the court to such irregularity, and the court thereupon overruled his motion to its jurisdiction, he may save his exception, file his answer and proceed to trial without waiving such, error; and he may take advantage of such error on appeal to a higher court ***."

To the same effect are *Betts v. Eubanks,* (Kan.) 23 Pac. 936; *Dickerson v. Burlington & Mo. R. Ry. Co.* (Kan.) 23 Pac. 936; *Harkness v. Hyde,* 98 U. S. 476; *So. Pac. Co. v. Dentoh,* 146 U. S. 302; *Mex. Cent. Ry. Co. v. Pinkney* 149 U. S. 194; *G. H. & San Antonio Ry. Co. v. Gonzales,* 151 U. S. 496; *Secrest v. Arnett.* (Ind.) 5 Black 366; *Mullins v. N. & N. C. Canal Co.* (N. C.) 19 S. E. 106; *Kincaid v. Myers* (Ore.) 21 Pac. 557; *Woodbury v. Hermingsen,* (Wash.) 39 Pac. 243; Ency. P. & P. vol. 2, page 630, etc.

The sufficiency therefore of the service of the summons in this case to give the trial court jurisdiction over the railroad company, plaintiff in error, must depend entirely upon the provisions of our statute and the return of the officer upon the writ, above set out.

Secs. 4268 Wil. Ann. Stat. 4269-4270 and 4271 are all the provisions of our statute governing the service of process upon railroads in this territory.

"Sec. 4268: A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officers; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office of usual place of business of such corporation, with the person having charge thereof.

"Sec. 4269: Every railroad company or corporation, and every stage company doing business in the territory of Oklahoma, or having agents doing business therein for such corporation or company, is hereby required to designate some person residing in each county, into which its railroad line or stage route may or does run, or in which its business is transacted, on whom all process and notices issued by any court of record or justices of the peace of such county may be served.

"Sec. 4270: In every case such railroad company or corporation, and stage company, shall file a certificate of the appointment and designation of such person, in the office of the clerk of the district court of the county in which such person resides; and the service of any process upon the person so designated, in any civil action, shall be deemed and held to be as effectual and complete as if service of such process were made upon the president, or other chief officer of such corporation or stage company. Any railroad company, corporation or stage company, may revoke the appointment and designation of such person upon whom process may be served, as hereinafter provided, by appointing any other person qualified as above specified, and filing a certificate of such appointment, as aforesaid; but every second or subsequent appointment shall also designate the person whose place is filled by such appointment ***.

"Sec. 4271: If any railroad or stage company, or cor-

poration, fail to designate or appoint such person, as in the preceding sections is provided and required, such process may be served on any local superintendent of repairs, freight agent, agent to sell tickets, or station keeper, of such company or corporation in such county, or such process may be served by leaving a copy thereof, certified by the officer to whom the same is directed, to be a true copy, at any depot or station of such company or corporation, in such county, with some person in charge thereof, or in the employ of such company or corporation, and such service shall be held and deemed complete and effectual."

In none of these is there any provision for service of process upon a railroad company in the manner certified to by the return of the officer in this instance.

The service upon a corporation other than railroads, must be made upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer; or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent;

And the return of the sheriff or other officer making the service must show why the service was not made upon one of these chief officers, before a return showing service upon any of the other officials named, can be justified or upheld.

It is equally true that service upon railroad company must be made upon the chief officials or agents designated in sections 4269, 4270 and 4271 and in case service cannot be made upon the chief officer or agent appointed upon whom service is to be made, the return must show why it was not served upon one of these, and what the official character of the person was upon whom it was served. The statute undoubtedly contemplates that an attempt must first be made

to obtain service upon the president, etc. or chief officer, before resorting to service upon the other class of persons, officials or agents.

In the case of *St. Louis & San Francisco Railroad Co. v. Dawson* 3 Ill. App. 120, the court says:

"That statute has divided the officers, agents and employees into two classes, and service upon one class is primary to service upon the other, and, before service had upon those of the second class can give the court jurisdiction it must appear affirmatively that service could not be had upon those persons embraced in the first class, on account of the existence of the causes for which the statute authorized service upon the persons embraced in the second class."

In the case of *Union Pac. Ry. Co. v. Pillsbury,* 29 Kan. 652, Mr. Justice Brewer, rendering the opinion, says:

"The defendant in error obtained judgment before a justice of the peace against plaintiff in error, upon a bill of particulars alleging default in a breach of a contract to convey certain goods ***. The return on the summons shows that it was served by delivering a copy thereof to D. W. March, agent of said U. P. R. R. Co. Manhattan, Kansas. *** Where this was served, or what kind of an agent said defendant said D. W. March was, is not shown.

"Such service is insufficient. It does not show that said March was president or chairman of the board of directors or other chief officer, cashier, treasurer, secretary, clerk, or managing agent, and is therefore not good, either under section 68 C. 80 Comp. Laws 1879, or section 13 C. 81 Comp. Laws 1879. Neither does it show service upon any person named as the service agent of a railroad corporation under section 68 a. b. c. chap. 80, Comp. Laws 1879, or upon any person authorized to receive service in case of a

failure by a corporation to name such service agent, or at a place designated in such sections.

"For aught that appears, said March may have been an agent to purchase coal, or to transact any temporary business on behalf of the company, with no office or residence in the county. The sections above referred to provide ample and easy means for service upon a railroad corporation; and before it can be adjudged in default, and subjected to a judgment upon default, the record must affirmatively show that, in some of the ways named in the statute, service has been made upon it. None such appears here, and therefore judgment was improperly rendered against it."

The statute referred to in this decision was then in the same form and language in which it now exists in sections 4268 to 4271 of the Oklahoma statute above set out.

The same subject was again before the supreme court of Kansas in the case of *Dickerson v. Burlington & M. R. R. Co,.* 23 Pac. 936, in the syllabus of which case the court says:

"A return upon a summons against a railroad company that it was served by delivering a copy thereof with the endorsements thereon duly certified to Mr. Fish, agent of the within railroad company, is of itself no sufficient evidence of service, as it contains no description or hint of the character of his agency."

That was an action commenced before a justice of the peace, and after the overruling of its motion to quash the summons the railroad company entered a general appearance, and defended the action upon its merits, as was done in the case now at bar: and in reference to this phase of the case the court in the body of the opinion says:

"It is claimed that, because the attorneys of the railroad company subsequently took part at the trial of the case, they made a general appearance, and cured all defects in the service of the summons. They first made a special appearance for the purpose of testing the validity of the service, and their motion to set aside the service and to quash the summons being overruled, they took part at the trial under protest.

This was not such an appearance as would give the justice jurisdiction over the person of the railroad company.

In Ency. P. & P. vol. 18, page 925, it is said:

"Every provision of the statute upon which the validity of such service depends should appear *by the return* to have been complied with; and if the service can be made upon particular persons only under specified contingencies or at a particular place, as, for example, under statutes providing that service cannot be had upon certain officers or agents *except* in the absence of the president or other chief officer at the business office of the corporation, etc. the existence of such conditions should appear when the return shows service upon any such persons" Citing a large list of authorities.

Several other questions were presented to the court below in the motion for a new trial, and are renewed and urged in the brief of plaintiff in error in this court. The cause is not briefed on behalf of defendant in error.

We have therefore examined the jurisdictional question here determined, upon the determination of which the cause must be remanded for further procedure in the court below. The other questions raised by the brief of plaintiff in error are important legal subjects, which may not arise on a retrial of the case, and which, when determined

Guthrie L'd'ry Co. v. Nor. Assurance Co.

will be better determined in a cause where the parties thereto have sufficient interest therein to aid the court by at least an expression of their views with reference thereto.

For the error here determined the judgment of the lower court is reversed, and the cause remanded with direction to sustain the defendant's motion to quash the summons and the service thereof, the costs of this court to be taxed to the defendant in error.

Burwell, J., concurs in conclusions reached, but not all the reasons therefor stated in the opinion; all the other Justices concurring.