## ST. LOUIS & S. F. R. CO. v. REED.

No. 7587—Opinion Filed June 6, 1916.
(158 Pac. 399.)

### 1. Appearance—Special Appearance—Want of Jurisdiction—Waiver of Objection.

Where a court acquires no jurisdiction over the person, and the defendant appears specially for the purpose of challenging the attention of the court to such irregularity, and the court thereupon overrules his motion to such jurisdiction, the defendant may save his exception, file his answer and proceed to trial without waiving such error, and he may take advantage of such error on appeal to a higher court

### 2. Corporations — Service of Process — Return.

The service of summons upon a corporation other than railroads must be made upon the president. mayor, chairman of the board of directors, or trustees, or other chief officer, or. if its chief officer is not found in the county, upon its cashier, treasurer. secretary, clerk. or managing agent, or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of the said corporation with the person having charge thereof. and the return of the sheriff or other officer making the service must show why the service was not made upon one of these chief officers, before a return showing service upon any of the officials named can be justified or upheld.

### 3. Railroads—Service of Process—Return.

Under sec. 4717, Rev. Laws of 1910. every railroad company doing business in this state and having agents doing business herein for such company is required to designate some person residing in each county into which its railroad line runs or in which its business is transacted upon whom process may be served; and under sec. 4718. Rev. Laws 1910, service may be made upon the person thus designated as provided by sec. 4717 aforesaid.

### 4. Same.

By sec. 4719. Rev. Laws 1910, if the railroad company fails to designate such person, summons may be served on any local superintendent of repairs, freight agent. agent to sell tickets, or station keeper of such company in such county, or such process may be served by leaving a copy thereof, certified by the officer to whom the same is directed. at any depot or station of such company in such county, with some person in charge thereof, or in the employ of such company. And it is equally true that service must be made upon the chief officials or agents designated in such sections, and, if the same cannot be done. the return of the officer must show why it was not served upon one of these and what the official character of the person was upon whom it was served.

### 5. Same.

The statute contemplates that an attempt must be made to obtain service upon those first named before resorting to service upon the other class of persons designated therein.

(Syllabus by Hooker, C.)

Error from District Court, Muskogee County; R. P. de Graffenried, Judge.

Action by Charles R. Reed against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff. and defendant brings error. Reversed and remanded, with directions.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits. for plaintiff in error.

Thos. F. Crosby, for defendant in error.

Opinion by HOOKER. C. On the 24th day of April. 1914. Charles R. Reed instituted a suit in the district court of Muskogee county against the St. Louis & San Francisco Railroad Company to recover damages alleged to have been sustained by him while a passenger upon a motor car of the company running between Muskogee and Westville on the 4th day of April, 1914.

When the petition was filed in this case the attorney for the plaintiff below filed a praecipe for summons, directing the clerk of the district court to issue a summons. directed to the sheriff of Oklahoma county, to or for the defendant, Ben Harrison, as Secretary of the State of Oklahoma, which summons was

issued and returned by the sheriff of Oklahoma county, as follows:

"The State of Oklahoma to the Sheriff of Oklahoma County, in said State—Greeting:

"You are hereby commanded to notify Ben Harrison, as Secretary of State of Oklahoma, that he has been sued by Charles R. Reed in the district court sitting in and for said county of Muskogee, and that unless he answer by the 25th day of May, A. D. 1914, the petition of the said Charles R. Reed against him filed in the clerk's office of said court such petition will be taken as true and judgment rendered accordingly.

"You will make due return of this summons on the 5th day of May, A. D. 1914.

"Witness my hand and seal of said court, affixed at my office in Muskogee, Okla., this 24th day of April, A. D. 1914.

"[Seal.]          Ross Houck,
          "Clerk of District Court."

On the 25th day of June, 1914, a second summons was issued in said action and delivered for service to the sheriff of Muskogee county, and the same was returned on the 26th day of June, 1914, with the following return indorsed thereon:

"I received this summons on the 25th day of June, A. D. 1914, and served the same on the within-named corporation on the 25th day of June, A. D. 1914, at 11:15 o'clock a. m. of said day, by then and there delivering a true and certified copy thereof to R. S. Homsher, chief clerk at Muskogee, Okla., for the St. Louis & San Francisco Railroad Company, a corporation, and person in charge of the business of the said corporation at Muskogee, in Muskogee county, state of Oklahoma, at the office and general place of business of the said corporation in the said county and state, as provided by law.

"J. F. Ledbetter, Sheriff,
"By W. W. Jackson, Deputy."

On the 21st day of July, 1914, the defendant company filed in said court its special appearance and motion to quash, together with its affidavit of R. S. Homsher as to service; said affidavit being as follows:

"R. S. Homsher, of lawful age, being first duly sworn, states upon his oath that he is not at this time, and was not on the 25th day of June, 1914, at the time service of summons was made upon him in the case of Charles R. Reed v. St. Louis & San Francisco Railroad Company, pending in the district court of Muskogee county, state of Oklahoma, employed in any capacity by the St. Louis & San Francisco Railroad Company, and has not been so employed by said company since the 27th day of May, 1913.

"[Signed]     R. S. Homsher.

"Subscribed and sworn to before me this 21st day of July, 1914.

"[Signed]   Joe Sheffield, District Clerk,
"[Seal.]   By R. H. Mans, Deputy Clerk."

The company, appearing specially and for the purpose of this motion only, moved the court to quash, set aside, and hold for naught the purported summons and pretended service thereof in the above-entitled cause, for the reason that the same was not issued, served, and returned according to law.

This motion was submitted to the court upon the affidavit of the said R. S. Homsher, and no other evidence was heard by the court trying said motion, and the said motion was by the court overruled, to which the company accepted, and, saving said exception, thereupon it filed its answer in said action, and the said cause was afterwards tried upon its merits, which resulted in the judgment for the defendant in error and against the plaintiff in error for the sum of $2,750. The company has appealed to this court, and at the threshold of this case has presented the question that the trial court was in error in overruling its motion to quash the service of said summons. This court in a number of cases has held that, where service of summons is irregular, and a motion to quash and vacate the same has been made, overruled, and exceptions saved, the point is not waived by the defendant afterward pleading to the merits of the case. Bes Line Construction Co. v. Schmidt, 16 Okla. 429, 85 Pac. 711; Chicago B. & M. Co. v. Pewthers, 10 Okla. 724, 63 Pac. 964; St. Louis & San Francisco Railroad Co. v. Clark, 17 Okla. 562, 87 Pac. 430.

At the time of the institution of this action in the court below, and at the time of the service of the summons therein, sections 4715, 4717, 4718, and 4719, Rev. Laws 1910, relating to the service of summons on corporations and railroad companies, were in force in the state of Oklahoma and constituted the law regulating the same in said state. These provisions of the statute are as follows:

"Sec. 4715. A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly appointed to receive service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof. * * *

"Sec. 4717. Every railroad company, and every stage company doing business in this state, or having agents doing business therein for such company, is hereby required to designate some person residing in each county into which its railroad line or stage route may or does run, or in which its business is

transacted, on whom all process and notices issued by any court of record or justices of the peace of such county may be served.

"Sec. 4718. In every case such railroad company and stage company shall file a certificate of the appointment and designation of such person in the office of the clerk of the district court of the county in which such person resides; and the service of any process upon the person so designated, in any civil action, shall be deemed and held to be as effectual and complete as if service of such process were made upon the president or other chief officer of such company. Any railroad company or stage company may revoke the appointment and designation of such person upon whom process may be served, as hereinbefore provided, by appointing any other person qualified as above specified, and filing a certificate of such appointment, as aforesaid; but every second or subsequent appointment shall also designate the person whose place is filled by such appointment.

"Sec. 4719. If any railroad or stage company fail to designate or appoint such person, as provided and required in the preceding sections, such process may be served on any local superintendent of repairs, freight agent, agent to sell tickets, or station keeper of such company, in such county, or such process may be served by leaving a copy thereof, certified by the officer to whom the same is directed, to be a true copy, at any depot or station of such company in such county, with some person in charge thereof, or in the employ of such company, and such service shall be held and deemed complete and effectual."

It will be noticed by the return of the sheriff of Muskogee county upon the summons in this action that the same was served on the within-named corporation on the 25th day of June, 1914, at 11:15 o'clock a. m. of said day, by then and there delivering a true and certified copy thereof to R. S. Homsher, chief clerk at Muskogee. Okla., for the St. Louis & San Francisco Railroad Company, a corporation, a person in charge of the business of said corporation at Muskogee, in Muskogee county, state of Oklahoma, at the office and general place of business of the said corporation in the said county and state as provided by law.

By reference to sec. 4715 we find that the summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly appointed to receive service of process, or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent, or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation with the person having charge thereof. And by sec. 4717 we find that

every railroad company doing business in this state or having agents doing business herein for such company is required to designate some person in each county into which its railroad line runs or in which its business is transacted upon whom process may be served, and by sec. 4719, if the railroad company fails to designate such person, such process may be served upon any local superintendent of repairs, freight agent, agent to sell tickets, or station keeper of such company, in such county, or such process may be served by leaving a copy thereof, certified by the officer to whom the same is directed, to be a true copy, at any depot or station of such company in such county, with some person in charge thereof, or in the employ of such company, and such service shall be held and deemed complete and effectual.

In the case of St. Louis & San Francisco Railroad Company v. Clark, 17 Okla. 562, 87 Pac. 430, it appears by the return of the officer that the summons in this case was executed by delivering a copy to L. D. Pool, as local agent of the company, whereupon the company filed its motion to quash the summons and service upon it, which motion was overruled by the court, and this court, in passing upon the action of the trial court in overruling said motion, said:

"The first error of the court below complained of by the plaintiff in error is that the motion to quash the summons and service on the railroad company was improperly overruled."

There is no escaping the correctness of this contention.

In the case of Chicago Building & Manufacturing Company v. J. Pewthers, 10 Okla. 724, 63 Pac. 964, it is held that:

"Where a court has no jurisdiction over * * * the person of the defendant, and the defendant appears specially for the purpose of calling the attention of the court to such irregularities, and the court thereupon overrules his motion to its jurisdiction, he may save his exception, file his answer, and proceed to trial without waiving such error; and he may take advantage of such error on appeal to a higher court. * * *"

To the same effect are Bentz v. Eubanks, 32 Kan. 321, 4 Pac. 269; Dickerson v. Burlington & Mo. R. Ry. Co., 43 Kan. 702, 23 Pac. 936; Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; So. Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Mex. Cent. Ry. Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699; G., H. & San Antonio Ry. Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct 401, 38 L. Ed. 248; Secrest v. Arnett, 5 Blackf. (Ind.) 366; Mullen v. N. & N. C. Canal Co., 114 N. C. 8, 19 S. E. 106; Kinkade

v. Myers, 17 Or. 470, 21 Pac. 557; Woodbury v. Henningsen, 11 Wash. 12, 39 Pac. 243; Ency. P. & P. vol. 2, p. 630 et seq.

The sufficiency therefore of the service of the summons in this case to give the trial court jurisdiction over the railroad company, plaintiff in error, must depend entirely upon the provisions of our statute and the return of the officer upon the writ above set out. Sections 4268-4271, Wilson's Statutes, in force then, same as the sections of Rev. Laws 1910, copied above. In none of these is there any provision for service of process upon a railroad company in the manner certified to by the return of the officer in this instance.

The service upon a corporation other than railroads must be made upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; and the return of the sheriff or other officer making the service must show why the service was not made upon one of these chief officers before a return showing service upon any of the other officials named can be justified or upheld.

It is equally true that service upon a railroad company must be made upon the chief officials or agents designated in sections 4269-4271, and, in case service cannot be made upon the chief officer or agent appointed upon whom service is to be made, the return must show why it was not served upon one of these, and what the official character of the person was upon whom it was served. The statute undoubtedly contemplates that an attempt must first be made to obtain service upon the president, etc., or chief officer, before resorting to service upon the other class of persons, officials, or agents.

In the case of St. Louis & San Francisco Railroad Co. v. Dawson, 3 Ill. App. 120, the court says:

"The statute has divided the officers, agents, and employes * * * into two classes, and service upon one class is primary to service upon the other, and before service had upon those of the second class can give the courts jurisdiction it must appear affirmatively that service could not be had upon those persons embraced in the first class, on account of the existence of the causes for which the statute authorizes service upon the persons embraced in the second class."

In the case of Union Pac. Ry. Co. v. Pillsbury, 29 Kan. 652, Mr. Justice Brewer, rendering the opinion, says:

"The defendant in error obtained judgment before a justice of the peace against plaintiff in error, upon a bill of particulars alleging default in a breach of a contract to convey certain goods. * * * The return on the summons shows that it was served by delivering a copy thereof 'to D. W. March, agent of said U. P. R. R. Co. Manhattan, Kansas.' Where this was served, or what kind of an agent of said defendant said D. W. March was, is not shown.

"Such service is insufficient. It does not show that said March was president or chairman of the board of directors, or other chief officer, cashier, treasurer, secretary, clerk, or managing agent, and is therefore not good either under sec. 68, c. 80, Comp. Laws 1879, or sec. 13, c. 81, Comp. Laws 1879. Neither does it show service upon any person named as the service agent of a railroad corporation under sec. 68, cls. 'a,' 'b,' 'c,' c. 80, Comp. Laws 1879, or upon any person authorized to receive service in case of a failure by a corporation to name such service agent, or at a place designated in such sections.

"For aught that appears, said March may have been an agent to purchase coal, or to transact any temporary business on behalf of the company, with no office or residence in the county. The sections above referred to provide ample and easy means for service upon a railroad corporation; and before it can be adjudged in default, and subjected to a judgment upon default, the record must affirmatively show that in some of the ways named in the statute service has been made upon it. None such appears here, and therefore judgment was improperly rendered against it."

The statute referred to in this decision was then in the same form and language in which it now exists in sections 4268 to 4271 of the Oklahoma statute above set out.

The same subject was again before the Supreme Court of Kansas in the case of Dickerson v. Burlington & M. R. R. Co., 43 Kan. 702, 23 Pac. 936, in the syllabus of which case the court says:

"A return upon a summons against a railroad company that it was 'served by delivering a copy thereof, with the indorsements thereon duly certified, to Mr. Fish, agent of the within railroad company,' is of itself no sufficient evidence of service, as it contains no description or hint of the character of his agency."

No excuse is made by the officer making the service of summons in this case in his return why service was not made upon one of the officers named in the statute. His return fails to make a showing that service could not be made upon other parties named before him in the statute, nor does it make any showing that the company had failed to file in the office of the clerk of the district court of Muskogee county a certificate of appointment and designation of a service agent. Nor does it contain any reason why service could not have been made upon the local

superintendent of repairs, etc., of the company in said county, which must be done before service can be made in the manner sought to be done in the instant case.. We are of the opinion that the service in this case is wholly insufficient to give the court jurisdiction over the defendant company, for the language of the statute is clear and plain as to the officers and servants of a railroad company upon whom service may be had, and the return of the officer in this case fails to negative a state of facts which is necessary before the return made by him can be held good.

Also in Ozark Marble Co. v. Still, 24 Okla 559, 103 Pac. 586, this court said:

"Under sec. 4268, Wilson's Rev. & Ann. St. 1903, providing that a summons against a corporation may be served on the president, chairman of the board of directors, or other chief officer, or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, or managing agent, etc., when the service is not upon the chief officer, the return must show that such chief officer could not be found in the county."

For the error here determined, the judgment of the lower court is reversed, and this cause remanded, with directions to the lower court to sustain the defendant's motion to quash the summons and the service thereof.

By the Court: It is so ordered.