# WILLIAM D. FITZPATRICK v. INTERNATIONAL TYPO-GRAPHICAL UNION OF NORTH AMERICA.[1]

## July 8, 1921.

## No. 22,334.

**Trade union — service of process on member sufficient.**

  The defendant union, an unincorporated voluntary association, is a trade union, having the interests and welfare of its members as an object. In addition it provides, through dues received, a union printers' home for infirm and invalid members, and old age pensions and death benefits. The cause of action alleged arises from a wrongful refusal to admit the defendant to the home. Under the showing made, as set forth in the opinion, jurisdiction was acquired by service on a member of the defendant as is provided by G. S. 1913, § 7689, for service when two or more do business as associates under a common name.

Action in the district court for Ramsey county to recover $25,000. Defendant appeared specially and its motion to vacate the service of summons was granted, Michael, J. From the order vacating the summons, plaintiff appealed. Reversed.

*O. H. O'Neill,* for appellant.

*Morphy, Bradford & Cummins,* for respondent.

DIBELL, J.

The plaintiff appeals from the order of the Ramsey district court vacating the service of summons.

The defendant, International Typographical Union of North America, is a voluntary unincorporated association having a large membership throughout the United States and Canada. It is governed by a constitution and by-laws. It has a branch or subordinate union known as the St. Paul Typographical Union Number 30. The plaintiff for 20 years has been a member in good standing of the defendant and of the subordinate lodge.

[1]Reported in 184 N. W. 17.
 149 M.—26.

Since 1892 the defendant has maintained at Colorado Springs, Colorado, a home for invalid and infirm members. On June 1, 1915, the plaintiff became afflicted with locomotor ataxia and since has been infirm and an invalid. On August 1, 1915, he applied for admission to the home. The defendant, according to the complaint, wrongfully refused him admission. This action is for damages for such refusal.

The defendant has no offices or officers in Minnesota. It has officers and offices in Indianapolis. Service was made in Minnesota on Judson D. Trimmer, a member of the union. The question is whether such service conferred jurisdiction. The applicable statute is G. S. 1913, § 7689, which is as follows: "When two or more persons transact business as associates and under a common name, whether such name comprise the names of such persons or not, they may be sued by such common name, and the summons may be served on one or more of them. The judgment in such case shall bind the joint property of all the associates, the same as though all had been named as defendants."

There are two leading cases in Minnesota, one or the other of which controls. The first to which we call attention is St. Paul Typothetae v. St. Paul Bookbinders' Union No. 37, 94 Minn. 351, 102 N. W. 725, 3 Ann. Cas. 695. The defendant was an unincorporated voluntary association. It was organized to promote the interests of its members. It had no business functions. Whether it could be sued in its association name was one question. After referring to the common law rule that such an association is not a legal entity apart from its members the court said (p. 359): "This rule applies to the union, unless it comes within the scope of the statute G. S. 1913, § 7689, providing for actions against persons doing business under a common name. The statute, it is clear, was not intended to include associations of this character. Its purpose was to authorize the courts to take jurisdiction over unincorporated associations engaged under a common name in some sort of business in which property is bought and sold, debts contracted—concerns owning and holding property, and incurring pecuniary liability—and not associations of the character of labor unions, having no property, engaged in no business occupation, in a proper sense of the term, and whose only function is the promotion of the interests and welfare of the persons who are members thereof." And in referring to this general class of organizations

the court said: "Such organizations are properly divided into two classes, viz. those organized for the purpose of conducting some business enterprise, and those whose purpose is solely the promotion of the interests and welfare of their members, unaccompanied by any business functions. As to this class, it would seem that the law of principal and agent should apply."

The other case is Taylor v. Order of Railway Conductors, 89 Minn. 222, 94 N. W. 684. There the question arose on an appeal from an order denying a motion to set aside the service of summons. The defendant was a voluntary association composed solely of men engaged as conductors on steam service railroads. It was a fraternal organization and had local divisions in several localities. Its mutual benefit department was a distinct organization, except that it was composed of men who, when they became members of the benefit department, were also members of the order. Moneys of the order and the benefit department were kept separate. The benefit department had no agents or representatives in Minnesota. It had in Iowa where its business was carried on. It was held that service on a member, one Kelly, was good service under the statute which we have quoted, and gave jurisdiction. The court said: "It was further urged upon the argument here that the facts that the defendant had no office in this state, and that Kelly was not one of its agents or officers, did not authorize the service in any other way than as required upon nonresident corporations. There would be force in this view but for the plain terms of the statute we have quoted above which clearly authorizes service upon an associate of any organization doing business under a common name, without any restriction dependent upon the place of its business, the location of its offices, or other conditions, save that the service must be made as therein authorized. There is no claim of fraud in making the service, and no denial that Kelly, the person served, was a member of defendant's association, and was within the state at the time. It was admitted in the brief of counsel that the Order of Railway Conductors embraced practically all the conductors in the country, many of whom must have been within this state at the time of the service. But at least one of them was; hence we must hold that he was a proper person upon whom to make such service, and any difficulties that arise from the change of members or from the trouble of en-

forcing any proper judgment that may be obtained after hearing, are incidents of the defendant's voluntary action in the conduct of its business, and presumably must have been contemplated by it."

In referring to this case in the St. Paul Typothetae case the court said: "The associations there before the court were engaged in the business of insuring their members, a distinct and well-established line of business."

Coming to the character of the defendant organization as determined by its constitution and by-laws, we find that its activities embrace many having no necessary connection with its activities as a union and quite apart from "the promotion of the interests and welfare of their members, unaccompanied by any business functions." The constitution provides for dues. It provides for a union printers' home. It provides for an old age pension fund. It provides for death benefits. It provides for admission to the printers' home in proper cases. The home is in the name of a distinct corporation. The defendant functions not only as a labor union, having the welfare of its members as trade unionists in view, but as an organization which, through dues coming from its members, gives old age pensions, death benefits and a home for eligible infirm and invalid members. The trial court was of the opinion that the case came within the Typothetae case and that jurisdiction was not acquired. We are compelled to the conclusion that it comes more nearly within the Order of Railway Conductors' case, and that jurisdiction of the defendant for the particular cause of action alleged was acquired. We decide no other question than that of jurisdiction.

Whether the plaintiff can get anywhere with his case does not interest us, or whether his judgment, if he gets one, will be of use. It will be noted that in the Typothetae case the question whether the defendant bookbinders' union was an organization liable as an entity was determined at the trial, with no previous attack on the court's jurisdiction, and the statute quoted was considered in its bearing on the substantive right of recovery.

Order reversed.