## EMPIRE REFINERIES, Inc., v. ATCHISON, T. & S. F. RY. CO.

No. 11206—Opinion Filed July 3, 1923.

1. Railroads — Summons — Service on Managing Agent.

Where a return of service of summons discloses that the president, chairman, etc., or other chief officer cannot be found, and said return discloses service on the managing agent of the corporation, such service is valid although said return fails to negative the designation of an agent for service by the railway company within the county, service being sufficient under sections 4715-4719, inclusive, Revised Laws of Oklahoma, 1910.

2. Same — Effect of Federal Control of Railroads.

Where a cause of action against a carrier accrued prior to December 28, 1917, (effective date of federal control of railways), and suit thereon against the carrier was brought subsequent to said date, and during the pendency of such federal control, service of summons upon the carrier shown by the return to have been made by the delivery of a copy to its managing agent is not invalid merely for the reason that at the time of such delivery its system had been taken over and was being operated by the federal control of railways.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Washington County; Robert D. Waddell, Judge.

Action by the Empire Refineries, Incorporated, a corporation, against the Atchison, Topeka & Santa Fe Railway Company, a corporation. Judgment for defendant, and plaintiff brings error. Judgment reversed.

H. O. Caster, Hayes McCoy, C. C. Julien, and W. T. Spies, for plaintiff in error.

J. R. Cottingham, S. W. Hayes, George M. Green, and Hunter L. Johnson, for defendant in error.

Opinion by LYONS, C. The plaintiff brought suit against the defendant carrier to recover damages for failure to deliver merchandise. The cause of action on which the suit was based arose in 1917, prior to the federal control of railways. The suit was instituted during federal control of railways.

The return of service in the instant case discloses that the sheriff made service of summons upon the managing agent of the corporation, F. E. Dearth, who, in addition to being the managing agent, was "in charge of the business and books of such corporation, and of the office of said corporation". The return of service further discloses why service was not made upon the president or the chairman of the board of trustees, or other chief officer, or upon its cashier, treasurer, or secretary, and the return states that these officials could not be found in the county, and for that reason service was made on the managing agent.

It is contended that this return is void for the reason that the summons does not also negative the fact that the defendant had failed to appoint an agent for service in Washington county. The case of St. Louis & San Francisco Railway Company v. Reed, 59 Okla. 95, 158 Pac. 399, is relied on to sustain this contention. However, in that case service was not made upon the managing agent, and no excuse was made by the officer making the service of summons in his return why service was not made upon one of the officials named in the statute. The court in that case said:

"No excuse is made by the officer making the service of summons in this case in his return why service was not made upon one of the officers named in the statute. His return fails to negative the fact that service could not be made upon other parties named before him in the statute, nor does it negative the fact that the company had failed to file in the office of the clerk of the district court of Muskogee county a certificate of appointment and designation of a service agent. Nor does it contain any reason why service could not have been made upon the local superintendent of repairs, etc., of the company in said county, which must be done before service can be made in the manner sought to be done in the instant case. We are of the opinion that the service in this case is wholly insufficient to give the court jurisdiction over the defendant company, for the language of the statute is clear and plain as to the officers and servants of a railroad company upon whom service may be had, and the return of the officer in this case fails to negative a state of facts which is neces-sary before the return made by him can be held good."

In Ozark Marble Co. v. Still, 24 Okla. 559, 105 Pac. 586, this court said:

"Under section 4268, Wilson's Rev. & Ann. St. 1903, providing that a summons against a corporation may be served on the president, chairman of the board of directors, or other chief officer, or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, or managing agent, etc., when the service is not upon the chief officer, the return must show that such a chief officer could not be found in the county."

The return in the instant case is as follows:

"Received the within and attached writ, July 14, 1919, and being unable, after diligent search to find the president, chairman of the board of directors or trustees, or other chief officer, or the cashier, treasurer, secretary, clerk or managing agent of the within named defendant, within my county, I summoned the said defendant, A. T. & Santa Fe Ry. Co., at 12 o'clock m., July 14, 1919, by delivering a true and certified copy of the within summons with all of the indorsements thereon, to F. E. Dearth, he then being the managing agent and in charge of the business and books of such corporation, and at the office of said corporation."

It is plain, therefore, that since the return of service in the instant case discloses service on the managing agent and negatives the ability to make service on the officers named in the statute before the managing agent, that the service is sufficient. There is nothing in the statutes or the authority cite (St. L. & S. F. R. Co. v. Reed, supra) to the contrary.

Since the return discloses an endeavor to make service on the president, chairman of the board of directors, or trustees, or other chief officer, and that these officers could not be found in the county, service on the cashier, treasurer, secretary, or managing agent was sufficient.

The return in this case shows a diligent effort to make service on the higher officers, and shows a sufficient excuse for making service on the managing agent of the corporation. The statutes do not require that the return in a case of this kind should also negative the ability to make service on an agent appointed for service in the county, and the statutes should not be enlarged by construction to create difficulties in making service on corporations. We hold, therefore, that the return of service is sufficient.

The carrier further contends that by virtue of the federal control, the agent upon whom service was made was not its agent, but was the exclusive agent of the Director General, and that the service of summons was therefore void. While this question is one upon which there is a conflict of authority, we are clearly of the opinion that the service was sufficient.

The Supreme Court of the United States, in the case of Missouri Pacific Railway Co. v. Ault, 256 U. . 554, 65 L. Ed. 1097, in holding that the carrier is not liable for acts or omissions of the Director General during the period of federal control. described the statutes of the carriers:

"It is urged that, since section 10, in terms, continues the liability of 'carriers while under federal control,' and permits suits against them, it should be construed as subjecting the companies to liability for acts or omissions of the Railroad Administration although they are deprived of all power over the properties and the personnel. And it is said that this construction would not result in hardship upon the companies since the just compensation provided by the act would include any loss from judgments of this sort. Such a radical departure from the established concepts of legal liability would at least approach the verge of constitutional power. It should not be made in the absence of compelling language. United States ex rel. Atty. Gen. v. Delaware & H. Co., 213 U. S. 366, 408, 53 L. Ed. 836, 848, Sup. Ct. Rep. 527. There is none such here.

"The plain purpose of the above provision was to preserve to the general public the rights and remedies against common carriers which it enjoyed at the time the railroads were taken over by the President, except in so far as such rights or remedies might interfere with the needs of federal operation. The provision applies equally to cases where suits against the carrier companies were pending in the courts on December 28, 1917; to cases where the cause of action arose before that date and the suit against the company was filed after it; and to cases where both causes of action and suit had arisen or might arise during federal operation. The government was to operate the carriers, but the usual immunity of the sovereign from legal liability was not to prevent the enforcement of liabilities ordinarily incident to the operation of carriers. The situation was analagous to that which would exist if there were a general receivership of each transportation system. (Emphasis ours.) Operation was to be continued as theretofore, with the old personnel, subject to change by executive order. The courts were to go on entertaining suits and entering judgments under existing law, but the property in the hands of the President for war purposes was not to be disturbed. With that exception, the substantial legal rights of persons having dealings with the carriers were not to be affected by the change of control. * * *

"Thus under section 10, if the cause of action arose prior to government control, suit might be instituted or continued to judgment against the company as though there had been no taking over by the government, save for the immunity of the physical property from levy, and the power of the President to regulate suits in the public interest, as by fixing the venue, or the time for trial." (Emphasis ours.)

Section 10 of Act March 21, 1918, is, in substance, the same as that contained in the following paragraph of the proclamation of the President on December 26, 1917:

"Except with the prior written assent of said Director, no attachmen by mesne process or execution shall be levied on or against any of the property used by any of said transportation systems in the conduct of their business as common carriers; but suits may be brought by and against said carriers and judgments rendered as hitherto until and except so far as said Director may, by general or special orders, otherwise determine." Mo. Pac. R. R. Co. v. Ault, supra.

The Supreme Court of Oklahoma has held in C., R. I. & P. Ry. Co. et al. v. Owens, 78 Okla. 114, 189 Pac. 171, in a carefully considered opinion by Mr. Justice McNeill:

"The receivers were served by service of summons on E. E. Blake as the resident agent, E. E. Blake filed an affidavit that he was not the agent for service for the receivers, but was the agent for the railroad company. There is some conflict in the authorities upon this question in the different states, but the weight of the authority is announced in the case of Ennest v. Pere Marquette R. Co., 176 Mich. 398, 142 N. W. 567, 47 L. R. A. (N. S.) 179, Ann. Cas. 1915B, 594. The rule announced in said case is quoted in the note of 47 L. R. A. (N. S.) 181, as follows: 'Where the action is instituted against the receivers as defendants, service upon a person who, in the absence of a receivership, is a proper person to receive a service of process against the railroad company, is deemed a sufficient service' as against the receivers. Eddy v. Lafayette, 163 U. S. 456, 41 L. Ed. 225, 16 Sup. Ct. 1082; Ganebin v. Phelan, 5 Colo. 83; Grady v. Richmond & D. R. Co., 116 N. C. 952, 21 S. E. 304.' To the same effect is the holding of this court in the case of M. K. & T. Ry. Co. v. Hudson, 71 Oklahoma, 175 Pac. 743."

In the case cited by Mr. Justice McNeill (M., K. & T. R. Co. v. Hudson), the court

held that the interest of the receiver and of the railway company are not so at variance as to prohibit the same person from acting as the station agent of the company for the purpose of serving summons upon it pursuant to the laws of this state, while also acting for the receiver.

In view of the foregoing there was a sufficient service upon the defendant carrier.

A similar question was before the Supreme Court of Kansas, in the case of Brackville v. Telephone Co., 190 Pac. 773. The court in that case held:

"Service of summons upon a telephone corporation, shown by the return to have been made by the delivery of a copy to its managing agent, will not be set aside merely for the reason that at the time of such delivery its system had been taken over and was being operated by the Postmaster General."

Certain objections are made to the form of summons, but none of the objections urged are, in our opinion, serious. The order of the court quashing the service of summons should be set aside and the defendant permitted to plead to the petition.

The judgment of the county court of Washington county is reversed, with instructions to proceed in conformity with the views herein expressed.

By the Court: It is so ordered.