**HILLIARD v. ST. LOUIS & S. F. R. CO.**
**et al.**

No. 11472—Opinion Filed Feb. 26, 1924.

**1. Parties—Refusal ·to Substitute—Lack of Process.**

When it is sought to substitute the name of one corporation for another as party defendant, and it appears that no service of summons has been had upon the corporation sought to be substituted, it is not error for the trial court to refuse such substitution.

**2. Railroads—Process — Service of Summons.**

The method of getting service of summons upon railroad corporations in Oklahoma is fixed by statute, and the statutory means is exclusive.

**3. Same—Lack of Process—Refusal to Substitute Parties.**

Held, that in this case it was not error for the trial court to refuse to substitute "St. Louis-San Francisco Railway Company" as party defendant, for "St. Louis & San Francisco Railroad Company," it having been shown that the two are separate and distinct corporate entities, and no service of summons was had upon the company sought to be substituted.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by V. C. Hilliard against the St. Louis & San Francisco Railroad Company, for personal injury. Judgment for defendant sustaining demurrer to plaintiff's testimony and dismissing his action. Plaintiff brings error. Affirmed.

O'Meara, Bush & Moss, for plaintiff in error.

R. A. Kleinschmidt, Fred E. Suits, and McCollum & McCollum, for defendants in error.

Opinion by SHACKELFORD, C. This cause was begun in the district court of Pawnee county, Okla., on the 26th day of October, 1917, by the plaintiff below, plaintiff in error here, against the St. Louis & San Francisco Railroad Company, one of the defendants in error. He caused summons to issue against the defendant, and the same was served upon the depot or ticket agent at Pawnee, Okla., in said county. The defendant St. Louis & San Francisco Railroad Company appeared specially and moved to quash the summons and the service thereof for statutory grounds. This motion was sustained by the court, and alias summons was sued out and directed to the sheriff of Oklahoma county, and served upon R. A. Kleinschmidt as service agent.

The claim of the plaintiff was for personal injury received by him on the 8th day of January, 1917, on the railroad track in Garfield county. The defendant filed a motion to dismiss for reasons which are not necessary to set out here, which motion was by the court overruled, and in due course defendant St. Louis & San Francisco Railroad Company answered, denying all liability and pleading contributory negligence. The plaintiff replied thereto by general denial.

There were motions to continue and continuance granted, depositions taken, and motions to suppress same filed and heard, and orders entered, but we are not concerned therewith in the determination of this appeal.

The case was called for trial December 3, 1919, a jury was impaneled, and the plaintiff submitted his evidence. It seems in the course of the trial it was shown by a witness called on the part of the plaintiff that the name of the company owning and operating the Frisco properties at the time of the injury and at the time of the trial was "St. Louis-San Francisco Railway Company." The plaintiff thereupon moved the court for leave to substitute the name "St. Louis-San Francisco Railway Company" for "St. Louis & San Francisco Railroad Company" as defendant, and to substitute the same wherever the name might appear in the petition. This the court declined to do, and then sustained a demurrer to the plaintiff's testimony as against the defendant St. Louis & San Francisco Railroad Company, and dismissed plaintiff's action, to all of which the plaintiff excepted, and in due course filed a motion for new

trial, which was overruled, and the cause is here for review.

The plaintiff makes four assignments of error, but the sole question to be answered for a proper determination of this appeal, is, Did the court err in refusing to substitute the "St. Louis-San Francisco Railway Company" as defendant in the case, for the "St. Louis & San Francisco Railroad Company"?

This question we will undertake to answer in the light of the record presented.

The plaintiff filed his suit naming the St. Louis & San Francisco Railroad Company as defendant. Service of summons was had in Oklahoma county on R. A. Kleinschmidt, as the service agent for the St. Louis & San Francisco Railroad Company. This was the service relied upon.

One of the witnesses called by the plaintiff testified that since the 8th day of January, 1917, and for some time prior thereto, as follows:

"All the track and all the Frisco property in this state at that time was owned by the St. Louis-San Francisco Railway Company. * * * That company took over all the property and commenced operating them on the 1st of November, 1916."

The truth of this statement seems never to have been called in question, and we assume it is true and correct.

It appears from the record that while the Frisco property had formerly belonged to the St. Louis & San Francisco Railroad Company, some time prior to the 1st of November, 1916, the receivers of the old company sold the property to a new corporation named "St. Louis-San Francisco Railway Company," and the new company took over the ownership, control, and operation of the property, and was such owner and had the control and operation thereof on the date plaintiff·received his injury.

On cross-examination it was shown by the plaintiff's witness as follows:

"Q. Is the St. Louis & San Francisco Railroad Company and the St. Louis-San Francisco Railway Company one and the same company? A. No, sir. They are two distinct, separate corporations, both organized under the laws of the state of Missouri, both holding separate charters." ·

It is shown in the record that on the 30th day of August, 1916, the special master in a federal court receivership case, under orders of the court, deeded the property of the St. Louis & San Francisco Railroad Company to the St. Louis-San Francisco Rail-

way Company, so that it was apparent at the time of plaintiff's injury and at the time of the trial, the owner and operator of the Frisco ·properties was the St. Louis-San Francisco Railway Company, and that it was at the times referred to, a separate and distinct corporate entity from the St. Louis & San Francisco Railroad Company.

After the new company, the St. Louis-San Francisco Railway Company, took over the ownership and operation of the Frisco properties, it appointed as service agent for Pawnee county, the county in which this case was filed, one C. C. McCullom, a resident of said county, and the certificate of his appointment was filed with the court clerk of Pawnee county, Okla., on the 25th day of September, 1917. Thus it will be seen that at the time this suit was filed, the means of getting service of summons on the St. Louis-San Francisco Railway Company was by serving same upon C. C. McCullom, service agent for Pawnee county.

The manner of getting service of summons upon railroad corporations in Oklahoma is statutory and must be followed.

The statutes of Oklahoma controlling the matter of service of summons on railroad companies are as follows:

"Sec. 245. Every railroad company and every stage company doing business in this state, or having agents doing business therein for such company, is hereby required to designate some person residing in each county into which its railroad line or stage route may or does run, or in which its business is transacted, on whom all process and notices issued by any court of record or justice of the peace of such county may be served."

"Sec. 247. If any railroad or stage company fail to designate or appoint such person, as provided and required in the preceding sections, such process may be served on any local superintendent of repairs, freight agent, agent to sell tickets or station keeper, of such company, in such county, or such process may be served by leaving a copy thereof, certified by the officer to whom the same is directed to be a true copy, at any depot or station of such company, in such county, with some person in charge thereof, or in the employ of such company, and such service shall be held and deemed complete and effectual.

"Sec. 248. In all cases where service of any process cannot be had personally upon the person designated by such company, service may be had by leaving a certified copy of such process at the usual place of residence of such person, or as in the last preceding section and the same shall be deemed complete and effectual."

The manner of getting service of summons on railroad companies as in these statutes fixed is exclusive.

The only service of summons relied upon by the plaintiff in this case was upon R. A. Kleinschmidt in Oklahoma county. Whether or not R. A. Kleinschmidt was service agent for the St. Louis & San Francisco Railroad Company is a matter of no concern, but it is certain that he was not service agent for the St. Louis-San Francisco Railway Company in Pawnee county, Okla.

It therefore follows that there was no service of summons in this case on the St. Louis-San Francisco Railway Company. Except by service of summons there was no means of getting the St. Louis-San Francisco Railway Company into court, unless there was a voluntary appearance. No pleading was filed in the case for and on behalf of the St. Louis-San Francisco Railway Company and no appearance seems to have been made for and on behalf of the "railway company" except to protest against the court substituting the "railway company" for the "railroad company." It is not urged that there was any appearance on the part of the "railway company" except that the same lawyers were present who would have defended for the "railway company" had it been sued, and the same witnesses were present who would have been used if the "railway company" were making the defense. But we think that the presence of the same lawyers and witnesses are not the matters that control. To illustrate the matter, "A" claims right of action against "B." He files his petition in the district court, but does not have any summons issued against and served upon "B," but some time afterward and while court is in session he finds that "B." and "B.'s" lawyer and all of "B.'s" witnesses who could by any possibility know anything about the case are in the court room. Would the fact of their presence in the court room justify the court in permitting "A." to submit his case against "B." and require "B." to make his defense? We think not. Yet, that, in effect, is what the plaintiff asks of the court in this case.

The plaintiff in error cites the case of St. Louis & San Francisco Railroad Company v. Ledbetter, 83 Okla. 79, 200 Pac. 701, in support of his contention that the substitution should have been made, but we do not so read this case. It is true in the Ledbetter Case, supra, Chief Justice Harrison said:

"The St. Louis & San Francisco Railroad Company's line and the St. Louis-San Francisco Railway Company's line are one and the same. It is the roundhouse, coal chutes, and switch yards, and the operation of trains with their attendant noises and annoyances on this particular line that are alleged to have damaged the value of plaintiff's property. It was immaterial, so far as the property was concerned, whether this particular line be designated a 'railroad' or 'railway,' or whether it had changed its name from 'St. Louis & San Francisco' to 'St. Louis-San Francisco' "

—but we feel sure that the learned Chief Justice in writing the opinion in that case did not have before him proof positive that all of the properties of the "St. Louis & San Francisco Railroad Company" had been sold and deeded to the "St. Louis-San Francisco Railway Company." Besides that, the learned judge found that summons had been served upon the service agent of the "St. Louis-San Francisco Railway Company" although the "St. Louis & San Francisco Railroad Company" had been named as defendant. He said:

"And it appearing that the regular service agent of this identical line has been duly served with summons"
—and evidently meaning the "St. Louis-San Francisco Railway Company's" service agent had been served with summons.

In this case, if the summons had been served on C. C. McCullom, the Pawnee county service agent for the "St. Louis-San Francisco Railway Company," an entirely different state of case would be presented. If the summons in this case had been served upon C. C. McCullom, the Pawnee county service agent for the "railway company" then we would follow the Ledbetter Case, supra, but this was not done. Under the statutes of this state the service upon R. A. Kleinschmidt was no service whatever upon the "railway company" and there is no controlling authority for substituting a new party defendant, over its objection, for the old, when no summons has ever been served upon the new party.

We thing the learned trial judge was correct in refusing to substitute the "St. Louis-San Francisco Railway Company" for the St. Louis & San Francisco Railroad Company."

Having reached this conclusion, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.