## KANSAS, OKLA. & GULF RY. CO. v. MARTIN.

No. 25425. Oct. 29, 1935.

Rehearing Denied Nov. 26, 1935.

O. E. Swan and Utterback & Stinson, for plaintiff in error.

Paul N. Buford and Phillips & Boner, for defendant in error.

PER CURIAM. The defendant in error, as plaintiff below, brought suit in the district court of Bryan county against the plaintiff in error, defendant below, to recover damages alleged to have been incurred by reason of wrongful discharge, failure to furnish a statutory service letter, and slander. The parties will hereinafter be referred to as they appeared in the trial court.

The defendant is a railroad corporation doing business in Oklahoma. Summons was issued for the defendant directed to the sheriff of Bryan county. The return thereon is in the following language:

"Received this writ Feb. 4, 1932, and as commanded therein I summoned each of the following persons of the defendant within named at the times following, to wit: By delivering to each of said defendants, personally, in said county, a true and certified copy of the within summons with all the endorsements thereon.

"Kansas Oklahoma & Gulf Railway Co. by Serving a copy on Tom Berghouser; Agent, Feb. 6, 1932, there being no higher official in my county.

"By leaving for each of said defendants at _____ usual place of residence in said County with _____, a member of _____ family, who is over fifteen years of age, a true and certified copy of the within summons with all the endorsements thereon.

"The following person of the defendants within named not found in said county: _____. (signed) Ben Risner, Sheriff by B. W. Johnson, Under Sheriff."

Thereafter the defendant corporation appeared specially and filed its motion to quash the summons and purported service thereof, for the reason that the same had not been issued, served, and returned as required by law. Upon a hearing had upon this motion, the plaintiff requested and was granted leave to have the sheriff amend the return to correspond to the true facts, and thereupon the motion to quash was overruled and denied, and defendant properly saved exceptions thereto. The record fails to disclose what the true facts, if any, were, and the return was never amended so far as the record discloses or we are advised. The defendant, however, filed a motion to make more definite and certain, a demurrer and answer properly reserving the record, and refrained from asking any affirmative relief in the trial court. The first and third causes of action in plaintiff's petition were eliminated therefrom by demurrer and a peremptory instruction of the trial court, and the cause proceeded to trial upon the second cause of action before a jury and resulted in a

verdict in favor of the plaintiff for the sum of $500. The cause is now properly before us on appeal. The defendant makes 13 assignments of error and discusses them under nine subdivisions. As we view the record, however, it is necessary only to consider the first proposition advanced, to wit:

"The trial court erred in overruling the motion of the defendant to quash the summons and the return thereon."

While this court looks with disfavor upon purely technical defenses, fundamental defects in procedure may not be overlooked, and it is always essential that a court acquire jurisdiction before any valid orders or judgments may be rendered thereby. Since the defendant was a railway corporation, the method of procuring service upon it and giving the court jurisdiction over its person was fixed by statute (sections 178, 180, 181, O. S. 1931), and as we have heretofore held in Hilliard v. St. Louis & S. F. Ry. Co., 98 Okla. 22, 223 P. 877:

"The method of getting service of summons upon railroad corporations in Oklahoma is fixed by statute, and the statutory means is exclusive."

The statutes provided an orderly procedure for procuring jurisdiction over the defendant. In the case at bar no compliance with the statute is shown by the return, supra, and the implied confession of the plaintiff in seeking and obtaining leave to have the return amended. This was never done. As we have heretofore said in State ex rel. Collins v. Parks, 34 Okla. 335, 126 P. 242:

"It should not be considered a hardship to require that a statute prescribing the method by which a defendant is brought in to answer should be strictly followed. Courts should not be expected to construe plain statutes so as to relieve plaintiffs of the duty of following them as written. A plaintiff desiring to summon a defendant to answer in a court of record has full opportunity to ascertain what is necessary in order to make the summons comply with the law.

"A defendant cannot be brought into court except as the law directs."

That where the statute points out a particular method of service compliance therewith is essential perhaps is nowhere better expressed than by the Supreme Court of the United States in the case of Amy et al. v. City of Watertown, 130 U. S. 307, 9 Sup. Ct. 530, 32 L. Ed. 946, wherein, inter alia, it is said:

"The cases are numerous which decide that, where a particular method of serving process is pointed out by statute, that method must be followed and the rule is especially exacting in reference to corporations."

The summons in the instant case not having been served and returned in the manner provided by law, and the noncompliance with the statute appearing on the return, and the plaintiff confessing the insufficiency of said service and return, it was error of the trial court to overrule the defendant's motion to quash the service had upon it, and the court below never acquired any jurisdiction over the person of the defendant. The defendant properly saved exceptions to the action of the trial court and refrained from seeking any affirmative relief in the action; therefore, was entitled to proceed with its defense in that court and to assert the error and lack of jurisdiction of the court on appeal here. As we have said in Commonwealth Cotton Oil Co. v. Hudson, 62 Okla. 23, 161 P. 535:

"(a) Testing the sufficiency of the petition by demurrer, or by motion to make more definite, to the end that it may be intelligently answered and defended, is not asking such affirmative relief as will deprive the defendant of the benefit of his objection to the jurisdiction. (b) Where the objection of the defendant to the jurisdiction of the court over his person has been overruled and exceptions saved, he is not required to appeal from such action within the statutory time allowed for appeals, but may save the point and have it reviewed here on appeal from the final judgment in the case."

See, also, Chicago Bldg. & Mfg. Co. v. Pewthers, 10 Okla. 724, 63 P. 964; Chicago Bldg. & Mfg. Co. v. Kirby, 10 Okla. 730, 63 P. 966; St. Louis & S. F. Ry. Co. v. Clark, 17 Okla. 562, 87 P. 430; Spaulding v. Polley, 28 Okla. 764, 115 P. 864; Oklahoma Fire Ins. Co. v. Barber Asphalt Paving Co., 134 Okla. 149, 125 P. 734.

Since from what has been said herein it appears that the defendant was never properly summoned or brought into the court below, and therefore the trial court never acquired jurisdiction over the defendant, and since this cause must be reversed for this reason, we deem it proper to decline at this time to discuss any of the other questions involved in the appeal.

Judgment reversed and remanded.

McNEILL, C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur.