## UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA v. McMURTREY.

No. 26337.    April 6, 1937.

**576**

O. A. Cargill (W. R. Graalman, of counsel), for plaintiff in error.

Hammer, Parmenter & Siler, for defendant in error.

PER CURIAM. This is an appeal by the United Brotherhood of Carpenters and Joiners of America, an unincorporated association, from a judgment of the court of common pleas of Oklahoma county.

The action was commenced by the filing in said court of a petition captioned "J. A. McMurtrey, Plaintiff, v. United Brotherhood of Carpenters and Joiners of America, Local 329, Defendant." Therein it was alleged that the named defendant was a voluntary unincorporated association with its principal office in Indianapolis, Ind., and that it had local unions in Oklahoma, one of which was designated as Local 329. The petition thereupon alleged further facts sufficient to state 'a cause of action in favor of the plaintiff and against the national association under its constitution and by-laws. This petition was unsigned. The plaintiff thereupon caused summons to be issued and served upon the United Brotherhood of Carpenters and Joiners of America, Local 329, by serving A. B. Martin, business agent. Motion to quash, demurrer, and answer were filed in behalf of the United Brotherhood of Carpenters and Joiners of America, Local 329, but no appearance of any kind was made by the plaintiff in error. When the cause came on for trial the plaintiff disavowed any claim against Local 329 and stated that he was seeking a judgment only against the United Brotherhood of Carpenters and Joiners of America. Thereupon counsel for the last-named association objected to the introduction of any evidence under the plaintiff's petition for the reason that the court had never acquired jurisdiction of said 'association. This objection was overruled and exceptions to the action of the court properly saved, and the cause thereupon went to trial, said association refraining from introducing any evidence or asking for any 'affirmative relief. The jury thereupon returned a verdict in favor of the plaintiff for the full amount sought in his petition. After the verdict was returned and judgment was entered thereon, the plaintiff below was permitted to amend his petition by striking therefrom the designation, "Local 329," and by having his peti-

tion signed by his counsel. Likewise, he was permitted to amend the summons and other instruments by striking therefrom the words "Local 329," to which the plaintiff in error excepted. The plaintiff in error urges that the trial court never acquired jurisdiction over its person, and that the amendments permitted by the trial court were not authorized under the statute. We deem it necessary to consider only the first contention. The method of obtaining summons upon an association such as the plaintiff in error is prescribed by statute, the pertinent provisions being contained in 182a, O. S. 1931, which read as follows:

"When any two or more persons associate themselves together and transact business for gain or speculation under a particular appellation, not being incorporated, they may be sued by such appellation without naming the individuals composing such association and service of process may be had upon such association by personal service as provided by law for services of summons in civil actions, upon any member of such unincorporated association, or, if the case be one in which service by publication may be had under the laws of this state and service of summons within the state cannot be had, with due diligence, upon any of the members of such unincorporated association, service by publication may be had upon such association by its particular appellation. Provided, further, that service may be had upon any common-law trust or any other unincorporated 'association or trust of individuals designating themselves as a trust or represented by an individual as trustee, by service upon any one of such individuals as may be designated as trustee for said trust, the same 'as in any other civil action."

It will be noted from the language of the above section that, in order to obtain personal service upon an unincorporated association, it is necessary that service be had upon some member of such association. In the record before us there is nothing to show that compliance was had with this provision of the statute. On the contrary, the sheriff's return shows that the summons was served by delivering a copy thereof to A. B. Martin, business agent of Local 329. While it might be presumed that he was a member of said local and inferentially a member of the national association, there is nothing in the record nor in the sheriff's return which would justify a finding to this effect. When the plaintiff in error appeared and objected to the jurisdiction of the court on the ground that it had never been served with summons or other process, this constituted sufficient chal'enge to require the court to inquire into its jurisdiction before proceeding further. While the petition of the plaintiff

sufficiently alleged a cause of action against the plaintiff in error, this was not sufficient, in the absence of a summons or voluntary appearance, to authorize the court to enter a judgment against the plaintiff in error. As heretofore pointed out in the case of State ex rel. Collins et al. v. Parks, 34 Okla. 335, 340, 126 P. 242, 245:

"It is the duty of attorneys and clerks to be familiar with the method of proceeding to get defendants into court. It should not be considered a hardship to require that a statute prescribing the method by which a defendant is brought in to answer should be strictly followed. Courts should not be expected to construe plain statutes so as to relieve plaintiffs of the duty of following them as written. A plaintiff desiring to summon a defendant to answer in a court of record has full opportunity to ascertain what is necessary in order to make the summons comply with the law. A defendant cannot be brought into court except as the law directs."

And further, as has been said in Kansas, O. & G. Ry. Co. v. Martin, 175 Okla. 73, 74, 51 P. (2d) 577, 578:

"While this court looks with disfavor upon purely technical defenses, fundamental defects in procedure may not be overlooked, and it is always essential that a court acquire jurisdiction before any valid orders or judgments may be rendered thereby."

The plaintiff in error was not brought into court in the manner directed by statute, and at the first opportunity, when the plaintiff announced that he was seeking a judgment against said association rather than the local, challenged the jurisdiction of the court over its person, and when this was overruled, saved proper exceptions thereto and refrained from asking for any affirmative relief. Under these circumstances, it did not enter a general appearance in the action. The fact that the attorney who had previously appeared for the local association also appeared for the plaintiff in error in making the objection in its behalf to the introduction of evidence, and in interposing a demurrer to the plaintiff's evidence at the close of the trial, did not change the situation. It is entirely possible that A. B. Martin, business agent of the local, was neither a member of the local nor of the national association. See Hilliard v. St. Louis & S. F. Ry. Co., 98 Okla. 22, 223 P. 877.

Since from what has been said it is apparent that the plaintiff in error was never subject to the jurisdiction of the court below, the judgment rendered was without authority of law and the same will be, and is hereby, reversed.

Judgment reversed.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.