KANSAS, OKLAHOMA & GULF R. CO. v. HILL.

*99 P. 2d 115.*

No. 28719.   Feb. 13, 1940.

O. E. Swan, of Muskogee, for plaintiff in error.

A. C. Brewster, of Pryor, for defendant in error.

WELCH, V. C. J.   It is first contended that the court erred in overruling the motion to quash the summons for the reason that the return thereof failed to negative the appointment of a service agent in the county where service was made, and under sections 178 and 180, O. S. 1931, 12 Okla. St. Ann. §§ 165 and 167, the service was invalid. The return in this case shows service was made:

"By delivering in person a true and perfect copy of the within summons, duly certified, upon J. D. Puckett, agent of said defendant, at its office in Locust Grove, Mayes county, Oklahoma, who was the person having charge of said office, neither the president, chairman of board of directors, trustees, or other chief office found in Mayes county, Oklahoma."

Section 178, O. S. 1931, 12 Okla. St. Ann. § 165, requires every railroad company doing business in this state to designate some person residing in each county into which its line may or does run, or in which its business is transacted, on whom all process may be served. And section 179, O. S. 1931, 12 Okla. St. Ann. § 166, requires a certificate of appointment to be filed with the clerk of the district court.

Section 180, O. S. 1931, 12 Okla. St. Ann. § 167, provides that in the event any railroad company fail to designate or appoint such person as provided and required in the preceding sections, such process may be served on any local superintendent of repairs, freight agent, agent to sell tickets, or station keeper, etc.

Section 181, O. S. 1931, 12 Okla. St. Ann. § 168, provides that in all cases where service of any process cannot be had personally upon the person designated by such company, service may be made by leaving a certified copy of such process at the usual place of residence of such person, or as in the last preceding section.

The sufficiency, therefore, of the service of the summons in this case to give the trial court jurisdiction over the railroad company must depend entirely upon the provisions of our statute and the return of the officer upon the writ above set out. Sections 178, 179, 180, 181, O. S. 1931, 12 Okla. St. Ann. §§ 165, 166, 167, and· 168. In none of these is there any provision for service of process upon a railroad company in the manner certified to by the return of the officer in this instance.

The statute has divided the officers, agents, and employees into two classes, and service upon one class is primary to service upon the other, and before service had upon those of the second class can give the courts jurisdiction it must appear affirmatively by recitation that service could not be had upon those persons embraced in the first class, on account of the existence of the causes for which the statute authorizes service upon the persons embraced in the second class. The statute undoubtedly contemplates that an attempt must first be made to obtain service upon the first class provided for, before resorting to service upon the persons embraced in the second class. St. Louis & S. F. Ry. Co. v. Reed, 59 Okla. 95, 158 P. 399.

Our attention is called to the case of Empire Refineries, Inc., v. Atchison, T. & S. F. Ry. Co., 91 Okla. 171, 217 P. 160, which held that where a return of service of summons discloses that the president, chairman, etc., or other chief officer cannot be found, and said return discloses service on the managing agent of the corporation, such service is valid, although said return fails to negative the designation of an agent for service by the railway company within the county, service being sufficient under sections 4715-4719 (176-180, O. S. 1931) inclusive, R. L. 1910. This case does not overrule the Reed Case, supra, but makes a distinction between the service in the two cases by stating that in the Reed Case, supra, service was not had on the managing agent. The same distinction can be made between the Empire Refineries Case, supra, and the case at bar, since service was not had on the managing agent in the case at bar either.

In the case of Hilliard v. St. Louis & S. F. Ry. Co., 98 Okla. 22, 223 P. 877, it was held that the manner of obtaining service of summons upon railroad corporations in Oklahoma is statutory and must be followed, and that the statutes controlling the matter of service of summons on railroad companies were sections 245, 247, and 248, C. O. S. 1921 (§§ 178, 180, 181, O. S. 1931).

The most recent expression of this court on this question is stated in the case of Kansas, O. & G. Ry. Co. v. Martin, 175 Okla. 73, 51 P. 2d 577, wherein we followed the rule in the Hilliard Case, supra, and again held that the method of procuring service upon a railroad company was fixed by sections 178, 180, 181, O. S. 1931.

In view of the more recent decisions of this court as above set out, the decision in Empire Refineries, Inc., v. Atchison, T. & S. F. Ry. Co., 91 Okla. 171, 217 P. 160, is hereby overruled as to that portion wherein it was held that service was valid, although said return failed to negative the designation of an agent for service by the railway company within the county.

Our attention is directed to two early cases: St. Louis & S. F. Ry. Co. v. Clark, 17 Okla. 562, 87 P. 430, and St. L. & S. F. Co. v. Reed, 59 Okla. 95, 158 P. 399. In each of those decisions there was some expression contrary to our conclusion here, but the exact question was not there involved. Such language was unnecessary to the determination there and cannot now be approved as any authority here. Likewise, in two early Kansas decisions, Union Pac. Ry. Co. v. Pillsbury, 29 Kan. 652, and Dickerson v. Burlington & M. R. Co., 23 P. 936, the service was wholly insufficient. The observation of the court there that the purported service did not comply with either statute merely emphasized the invalidity of the service relied upon, and did not hold contrary to the conclusion here.

The statutes provide an orderly procedure for procuring jurisdiction over

the defendant. In the case at bar no compliance with the statute is shown by the return, and where summons has not been issued, served and returned as required by law, a motion to quash the same should be sustained. Kansas, O. & G. Ry. Co. v. Martin, supra.

Since the defendant was never properly summoned or brought into the court below, the trial court never acquired jurisdiction over the defendant, and since this cause must be reversed for this reason, we deem it proper to decline at this time to discuss any of the other questions involved in the appeal.

Judgment is reversed and remanded.

BAYLESS, C. J., and RILEY, CORN, GIBSON, and HURST, JJ., concur. OSBORN and DAVISON, JJ., dissent. DANNER, J., absent.