**GALVESTON TRUCK LINE CORPORATION, a corporation, d/b/a Galveston Truck Lines, Plaintiff,**

v.

**ADA MOTOR LINES, Inc., et al., Defendants.**

**Civ. No. 6720.**

United States District Court
W. D. Oklahoma.

June 25, 1956.

I. J. Saccomanno, Houston, Tex., for plaintiff.

William J. Milroy, Chicago, Ill., for defendant The Santa Fe Trail Transp. Co.

L. N. D. Wells, Jr., Dallas, Tex., for defendant Intern. Broth. of Teamsters.

WALLACE, District Judge.

The issue before the court is the validity or invalidity of service of summons made upon the defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, AFL–CIO (herein referred to as "International"). The challenged process was served upon one James E. Hamilton, a member of International, who also is president and director of the defendant Local Union No. 886 of Oklahoma City.[1]

Defendant Santa Fe Trail Transportation Company, in urging the effectiveness of the service in question asserts that the Oklahoma law specifically provides that a voluntary association, such as International, may be served by delivering process to any one of the association's members.[2] However, International urges that the attempted service on International is defective inasmuch as International is not an association within the meaning of the relied upon statute so as to make it subject to service through a mere member; and, that inasmuch as the person served, Mr. Hamilton, is not an officer of International he has no authority to officially act on behalf of International. In addition, counsel for International emphasize that the defendant Local is an autonomous body, a union completely separate and distinct from International, and that consequently officership in the Local in no way empowers a person to officially represent International.

[■] There is no question but what an officer of a local union is without capacity to represent an international affiliate where the local is not dominated by the international organization and where the local is truly a separate and independent association.[3] And, from the information now properly before the court, it appears that the defendant International and the defendant Local operate as two distinct legal entities.[4] Thus the decisive question is whether the previously referred to Oklahoma statute permitting service upon a *member* of an association which transacts business "for gain or speculation under a particular appellation" was intended to apply to associations such as International.

[■] International asserts that it is not an association which transacts business "for gain or speculation" but is merely engaged in "collective bargaining" and consequently cannot fall within the purview of the relied upon statute. In addition, International argues that had the Oklahoma Legislature intended to make unions amenable to service it could have passed a broadly applicable statute,[5] or one specifically directed at them.[6] However, to determine just what the Oklahoma Legislature intended, we cannot restrict our query to what might have been done, but must look to the wording of the enacted statute and the

1. Defendant Local 886 was made a party through service upon Mr. Hamilton; and service as to the Local is uncontested.

2. 12 Okl.Stat.1951 § 182 provides in part: "When any two or more persons associate themselves together and transact business for gain or speculation under a particular appellation, not being incorporated, they may be sued by such appellation without naming the individuals composing such association and service of process may be had upon such association by personal service as provided by law for services of summons in civil actions, upon any member of such unincorporated association, * * *."

3. Farnsworth & Chambers Co., Inc., v. Sheet Metal Workers International, etc., D.C.N.Mex.1954, 125 F.Supp. 830; In-

ternational Union of Operating Engineers v. J. A. Jones Const. Co., Ky.1951, 240 S.W.2d 49.

4. Defendant Local although chartered by International and subject to certain constitutional provisions of International, nonetheless is autonomous, self-governing and transacts business in its own behalf.

5. For example, see Texas, Article 6133, Vernon's Revised Civil Statutes; New York, Sections 12 and 13, General Associations Law, McK.Consol.Laws, c. 29.

6. For example, see Kansas, Section 44–811, General Statutes; Nebraska, Sec. 25–313, Revised Statutes 1943; Minnesota, Chapter 625, Laws 1943, M.S.A. § 179.18 et seq.; South Dakota Code, Sec. 17.1102, 1952 Supp.

judicial interpretations thereof. Unfortunately, there are no Oklahoma Supreme Court decisions discussing whether labor unions, such as defendant International, fall within the framework of the controverted statute, nor specifically dealing with the question of whether a labor union transacts business "for gain" within the meaning of this statute.[7] However, in United Brotherhood of Carpenters and Joiners of America v. McMurtrey, 1937, 179 Okl. 575, 66 P.2d 1051, the Oklahoma Supreme Court, although ruling an attempted service ineffective, appears to assume that had it been shown that the person served was a member of the union involved that such service would have been valid.[8]

There is no question but what the person served in the instant case was a member of International.[9] Moreover it is not a strained construction to hold that International is transacting business "for gain";[10] and, in view of the unmistakable implication of the McMurtrey case, the court is of the opinion that under the Oklahoma Procedural law a valid service was effected on defendant International.[11]

International's motion to quash is hereby overruled; and, International is given twenty days in which to answer.

---

7. The following District Court decisions from Oklahoma County have been called to the attention of the court. Comparable service was held *valid* by Judge Melone in L. C. Cunningham v. Y & Y Taxicab Co., International, et al., No. 130614; H. H. Pitman v. A. & A. Checker Cab Co., International, et al., No. 130615; H. E. Pittman v. Local 889, Checker, etc., International, et al., No. 130616; J. H. Cook v. A. & A. Checker Cab Co., International, et al., No. 130617; and, by Judge Hunt in D. F. Willis v. Taxicab Drivers Local Union, International, et al., No. 133946. Whereas, Judge Van Meter held the service *invalid* in Couch v. International, et al., No. 133947 (which case is now on appeal).

8. At pages 1052–1053 of 66 P.2d the court remarked: "It will be noted from the language of the above section [the section involved herein] that in order to obtain personal service upon an unincorporated association it is necessary that service be had upon some member of such association. In the record before us there is nothing to show that compliance was had with this provision of the statute. On the contrary, the sheriff's return shows that the summons was served by delivering a copy thereof to A. B. Martin, business agent of Local 329. While it might be presumed that he was a member of said Local and inferentially a member of the national association, there is nothing in the record nor in the sheriff's return which would justify a finding to this effect. * * * *It is entirely possible that A. B. Martin, busi-*

*ness agent of the local, was neither a member of the local nor of the national association.* (Citing authority.)" (Emphasis supplied.)

9. As mentioned in International's final brief, p. 3: "* * * We acknowledge that to the extent that membership in Local 886 represents membership in International, Hamilton is such a member. * * * But there are in the United States more than one million two hundred thousand others who likewise are Teamster members."

10. As recognized by counsel for defendant Santa Fe during the hearing on this motion: "When a statute uses the word 'gain', it means other things than money and revenue. It means those things for which the International has been created; those things which caused it to put in effect this 'hot cargo' clause; to gain new members; to gain prestige; to gain control. That's what the word means; not only money."

11. Cf. Taylor v. Order of Railway Conductors, 1903, 89 Minn. 222, 94 N.W. 684; Jardine v. Superior Court in and for Los Angeles County, 1931, 213 Cal. 301, 2 P.2d 756, 79 A.L.R. 291; Fitzpatrick v. International Typographical Union of North America, 1921, 149 Minn. 401, 184 N.W. 17; and, United States Heater Co. v. Iron Molders' Union of North America, 1902, 129 Mich. 354, 88 N.W. 889. Distinguish Dean v. International Longshoremen's Ass'n, D.C.La. 1936, 17 F.Supp. 748, wherein no state statute was in view.