**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a corporation, Plaintiff in Error,**

v.

**Billy and Orval SMITHART, R. W. Rowton, and O. F. Ritter, Defendants in Error.**

**No. 42461.**

Supreme Court of Oklahoma.

Oct. 20, 1970.

Lloyd W. Jones, Dallas, Tex., J. G. Ralls, Atoka, A. James Gordon, McAlester, for plaintiff in error.

R. Kay Matthews, Atoka, James E. Driscoll by James E. Driscoll, Seminole, for defendants in error.

WILLIAMS, Justice.

These are three separate appeals under the same number but with separate styles from three judgments for plaintiffs, defendants in error herein entered in actions consolidated for trial in the trial court. In these actions, plaintiffs sought and recovered damages done to saw mill equipment and other personal and real property

by a fire allegedly started by defendant railroad. As in the trial court, the three actions have been consolidated on appeal by stipulation of the parties. On appeal, reference will be made to the parties as they appeared in the trial court.

The sole issue presented for our determination herein is whether the trial court erred in overruling motions of defendant to quash the summonses and the returns thereon.

In each of the three actions herein, plaintiff's praecipe requested that summons be issued " * * * to Missouri-Kansas-Texas Railroad Company, a corporation, by serving Elmer Park, Station Agent, Atoka, Oklahoma." The summonses in these actions commanded the Sheriff of Atoka County to notify the railroad " * * * by serving Elmer Park, Station Agent, Atoka, Oklahoma." The officer's return on all three summonses showed service on " * * Elmer Park, Agent for Missouri-Kansas-Texas Railroad Company."

Subsequent to the purported service, defendant, in each of the three lawsuits, filed motions to quash the summonses claiming they were not issued, served and returned according to law. The trial court overruled the motions to quash and in its order authorized the sheriff " * * * to amend the return of service of summons herein to show the true facts relating to such service." Defendant duly excepted to this order. Thereafter, the sheriff filed an amended officer's return reciting that defendant, having failed to designate or appoint a person residing in Atoka County, Oklahoma, on whom all process and notices issued by any court could be served as provided by sections 165 and 166, 12 O.S. 1961, was served by delivering a copy of the summons to Elmer Parks, station agent of defendant in Atoka, Oklahoma.

The three actions proceeded to trial at the conclusion of which, as noted above, judgments were entered for plaintiffs. From these judgments and orders overruling its motion for new trial, defendant appeals.

Section 165, 12 O.S.1961, requires every railroad company doing business in this state to designate some person residing in each county into which its line may or does run, or in which its business is transacted, on whom all process may be served. Section 167, 12 O.S.1961, provides that in the event any railroad company fails to designate or appoint such person as required, process may be served on any local superintendent of repairs, freight agent, agent to sell tickets, or station keeper of such railroad company.

In construing the above statutes in Kansas, Oklahoma, & Gulf Ry. Co. v. Hill, 186 Okl. 531, 99 P.2d 115, we held a trial court was without jurisdiction to enter a judgment against a defendant railroad where the summons was served upon the railroad's agent in charge of its local office and where the return on the summons did not affirmatively recite that no local service agent had been appointed as required by what is now § 165, supra. In so holding, we stated, at 99 P.2d 116:

"The statute has divided the officers, agents and employees into two classes, and service upon one class is primary to service upon the other, and before service had upon those of the second class can give the courts jurisdiction it must appear affirmatively, by recitation, that service could not be had upon those persons embraced in the first class, on account of the existence of the causes for which the statute authorizes service upon the persons embraced in the second class. The statute undoubtedly contemplates that an attempt must first be made to obtain service upon the first class provided for, before resorting to service upon the persons embraced in the second class. St. Louis & S. F. Ry. Co. v. Reed, 59 Okl. 95, 158 P. 399."

However, in the cited case plaintiff did not amend or attempt to amend the summons to show that service on the railroad corporation complied with the applicable statutory requirements.

Section 317, 12 O.S.1961, provides:

"The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, *process* or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, *or a mistake in any other respect*, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment." (Emphasis added.)

In Texas Title Guaranty Co. v. Mardis, 186 Okl. 433, 98 P.2d 593, this Court was presented with the question of when process was amendable under the provisions of § 317, supra. In this decision, we held that process merely voidable could be amended, whereas void process was a nullity and could not be amended, and, in defining what was void and voidable process, we stated, at 98 P.2d 594, 595:

"From the above cases, it is apparent that this court is committed to the liberal rule that defects in the form of process do not render it void, but only irregular and amendable, *where such defective process is sufficient to advise the defendant of the nature of the case, the court in which it is filed, and his interest therein,* and that such irregularity will not invalidate a judgment based upon such process." (Emphasis added.)

In our opinion, the defective process herein was sufficient to advise defendant of the nature of the case, the court in which the lawsuit was filed, and defendant's interest therein. Thus, the process met the three above quoted criteria applicable in determining what is voidable and therefore amendable, and, in our view, the trial court properly allowed plaintiffs to amend the officer's returns on the summonses and did not err in overruling defendant's motions to quash filed in the three cases involved herein.

The judgments of the trial court are affirmed.

IRWIN, C. J., and DAVISON, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.